IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BERNARD MCFADDEN )
 )
   v. ) No. 3:22-cv-0970
 )
GREGORY A. SWIFT, et al. )

**TO:** Honorable Aleta A. Trauger, United States District Judge

## REPORT AND RECOMMENDATION

By Order entered December 14, 2022 (Docket Entry No. 4), the Court referred this *pro se* action to the Magistrate Judge for pretrial matters under 28 U.S.C. § 636(b)(1), Rule 72 of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending is the motion (Docket Entry No. 7) of Defendants Gregory A. Swift, Eddie Grider, Joseph Sardone, Dwight Henley, and Barry Cummings to dismiss the case or, alternatively, to transfer the case to the Eastern District of Tennessee. Plaintiff opposes the motion. For the reasons set out below, the undersigned respectfully recommends that the motion be denied to the extent that it seeks dismissal of the case but be granted to the extent that it seeks the transfer of the case to the Eastern District of Tennessee.

### I. BACKGROUND

Bernard McFadden ("Plaintiff") is a resident of South Carolina. On December 2, 2022, he filed this *pro se* lawsuit, alleging that he was "hired" by U.S. Xpress, Inc., on April 8, 2021, and "assigned to work" for Swift Enterprises as a truck driver. *See* Complaint (Docket Entry No. 1) at 10. In a lengthy complaint, he alleges that he suffered various forms of workplace discrimination, culminating in his termination from employment on February 17, 2022. Plaintiff

pursued an administrative charge of discrimination and asserts that he received a right to sue letter on October 27, 2022. *Id*. at 5.

In his lawsuit, Plaintiff brings claims of racial discrimination under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*. ("Title VII"), a claim for "common law conspiracy to violate Title VII," and a claim of retaliation under Tenn. Code Ann. § 501-1-801. *Id*. at 3-4. Named as defendants to the lawsuit are Gregory A. Swift, the President and CEO of Swift Enterprises, and four other management employees at Swift Enterprises - Eddie Grider, Joseph Sardone, Dwight Henley, and Barry Cummings (hereinafter referred to collectively as "Defendants"). *Id*. at 2-3.

## II. MOTION AND RESPONSE

In lieu of an answer, Defendants filed the pending motion under Rule 12(b)(3) of the Federal Rules of Civil Procedure. They support their motion with a memorandum (Docket Entry No. 8) and the affidavit of Defendant Joseph Sardone (Docket Entry No. 8-1). Defendants seek dismissal of the case for improper venue or, alternatively, transfer of the case to the Eastern District of Tennessee ("Eastern District"). Defendants argue that the Middle District of Tennessee ("Middle District") is an incorrect venue for Plaintiff's Title VII lawsuit because venue does not exist in the Middle District under the specific venue provision applicable to Title VII cases that is set out at 42 U.S.C. § 2000e-5(f)(3). *See* Memorandum in Support (Docket Entry No. 8) at 3-5. Defendants further contend that the Eastern District is a more convenient venue for this case given that Swift Enterprises' principal place of business is located in Bradley County, Tennessee, which is in the Eastern District of Tennessee, that Swift Enterprises' employee records are maintained and administered at its principal business office, and that four of the named Defendants reside in the Eastern District, with the fifth Defendant residing in

2

Georgia. *Id*. at 5-7. Defendants contend that there is no connection between the case and the Middle District and that the case, if it is not dismissed, should be transferred to the Eastern District pursuant to 28 U.S.C. 1404(a). *Id*.

In response, Plaintiff does not address the venue provision of Title VII. He argues that venue in the Middle District is appropriate under the general venue statute of 28 U.S.C. § 1391 because a corporate defendant is deemed by 28 U.S.C. § 1391(d) to reside in any district in a state in which personal jurisdiction can be established and, for that reason, venue exists in the Middle District since personal jurisdiction over Swift Enterprises clearly exits in Tennessee. *See* Response (Docket Entry No. 10) at 2-3. Plaintiff asserts that the Eastern District would not be a more convenient forum under 28 U.S.C. § 1404(a) because any records are stored electronically and he does not intend to call any witnesses from Tennessee. *Id*. at 5-6. Finally, Plaintiff asserts that he originally sought to file the case in the Eastern District but became frustrated by an interaction that he had with a clerk in the Eastern District. *Id*. at 4-5. For this reason and because Plaintiff believes that Defendants are conspiring with the U.S. Postal Service regarding Plaintiff's mail, he asserts that it is questionable whether he can obtain "his fair right to a civil jury trial" in the Eastern District. *Id*. at 1-2 and 3-5.

### III. ANALYSIS

#### A. Rule 12(b)(3) Standard of Review

When a defendant asserts that venue is improper in the court in which a lawsuit is filed and seeks dismissal pursuant to Rule 12(b)(3), the burden of establishing venue falls on the plaintiff, and the Court may examine facts outside of the complaint but "'must draw all reasonable inferences and resolve factual conflicts in favor of the plaintiff.'" *Ian v. Bottom Line Record Co.*, 2016 WL 8711721, at *2 (M.D. Tenn. July 1, 2016) (Crenshaw, J.) (quoting *Gone to

3

Case 1:23-cv-00058-TAV-CHS   Document 13   Filed 02/24/23   Page 3 of 9   PageID #: 109

*the Beach, LLC, v. Choicepoint Serv.*, 434 F. Supp. 2d 534, 536–37 (W.D. Tenn. 2006); *Marion v. Conley*, 2006 WL 4608613, at *1 (E.D. Tenn. Oct. 4, 2006).

**B. Venue in this Case**

The issue of venue has provided fodder for many a thorny law school exam. The facts and arguments raised in the instant case are likewise somewhat sticky, but the Court sees no need to get into the proverbial weeds of the law of venue because, in the end, the only reasonable conclusion that can be reached on the ultimate issue of venue is that this case belongs in the Eastern District.

The requirements for venue are set by statute. *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 538 (6th Cir. 2002). In the instant case, Defendants are correct that the proper venue for Plaintiff's Title VII claims is determined by 42 U.S.C. § 2000e–5(f)(3),[1] which is the specific statutory venue provision governing Title VII actions. Because Congress has set out a specific venue provision within Title VII for claims arising under that statute, the general venue provisions set out in 28 U.S.C. § 1391 do not control these claims. *See Downing v. Foley & Lardner LLP*, 2010 WL 1494767, at *3 (E.D. Mich. Apr. 9, 2010). Under Section 2000e-5(f)(3),

---

[1] 42 U.S.C. § 2000e-5(f)(3) provides:

> Each United States district court and each United States court of a place subject to the jurisdiction of the United States shall have jurisdiction of actions brought under this subchapter. Such an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice, but if the respondent is not found within any such district, such an action may be brought within the judicial district in which the respondent has his principal office. For purposes of sections 1404 and 1406 of Title 28, the judicial district in which the respondent has his principal office shall in all cases

a plaintiff may bring a Title VII action in any one of four possible judicial districts: (1) any judicial district in the state in which the unlawful employment practice is alleged to have been committed; (2) in the judicial district in which the employment records relevant to such practice are maintained and administered; (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice; or, (4) if the respondent is not found within any district under the first three scenarios, within the judicial district in which the respondent has his principal office. 42 U.S.C. § 2000eB5(f)(3); *Smith v. Kyphon, Inc.*, 578 F.Supp.2d 954, 959 (M.D. Tenn. 2008).

Defendants' contention that the venue rules set out in 42 U.S.C. § 2000e-5(f)(3) do not create venue in the Middle District is wrong. The language of the statute provides that "an action may be brought in any judicial district in the State in which the unlawful employment practice is alleged to have been committed." The statute does not limit venue to only the judicial district in which the unlawful employment practice is alleged to have occurred, but expressly creates venue <u>in any judicial district in the State</u> in which the unlawful employment practice is alleged to have been committed. If venue exits in the Eastern District under Section 2000e-5(f)(3), as Defendants argue that it does, venue also exists for Plaintiff's Title VII claims in the other two federal judicial districts in Tennessee.[2] *Richardson v. Alabama Bd. Of Educ.*, 935 F.2d 1240, 1248 (11th

---

be considered a district in which the action might have been brought.

[2] Defendants misread the decision in *Allen v. Wormuth*, 2022 WL 1644614 (M.D. Tenn. May 24, 2022). Nothing in *Allen* supports the limiting interpretation of Section 200e-5(f)(3) that is suggested by Defendants. The Court's finding that venue did not exist in the Middle District for the Plaintiff's Title VII claims in *Allen* was, as stated by the undersigned in the Report and Recommendation in that case, based on the fact that "[t]he only connection between Tennessee and the instant lawsuit is that Plaintiff now resides in this District. However, the district of plaintiff's residence does not provide a basis for venue under Title VII's venue provision." *Allen v. Wormuth*, 2022 WL 2165302, at *3 (M.D. Tenn. Jan. 31, 2022).

Cir. 1991). *See also Van Cleave v. Univ. of S.*, __F. Supp. 3d__, 2022 WL 2115304, at *2 (M.D. Tenn. June 13, 2022) (Crenshaw, J.) (assuming but not deciding the issue). Accordingly, for the purposes of the instant motion, the Court finds that venue exists in the Middle District over Plaintiff's Title VII claims.[3]

However, in addition to his Title VII claims, Plaintiff also brings a claim for "common law conspiracy to violate Title VII" and a claim for retaliation sounding in state law. Generally, proper venue must be shown for each legal claim that is raised. *Reilly v. Meffe*, 6 F. Supp. 3d 760, 765 (S.D. Ohio 2014); *Schultz v. Ary*, 175 F. Supp. 2d 959, 964 (W.D. Mich. 2001). Plaintiff has not shown any basis for venue in the Middle District over these claims, which are governed by the general venue provisions set out in 28 U.S.C. § 1391. Although Plaintiff argues that venue in the Middle District exists pursuant to Section 1391(b)(1) because Swift Enterprises, as a corporate entity, can be said to be a resident of the Middle District pursuant to Section 1391(d), this argument is not applicable because Plaintiff has not actually named Swift Enterprises as a defendant in his complaint. Plaintiff fails to show any other basis for establishing venue in the Middle District.[4]

Given the posture of this case and the lack of any factual connection between the case and the Middle District that would support maintaining the case in the Middle District, the Court agrees with Defendants' request to transfer the case to the Eastern District. Under 28 U.S.C. §

_____

[3] Because the issue of whether or not Plaintiff states viable Title VII claims against the individual Defendants is not raised as part of the instant motion, the Court assumes without deciding that Plaintiff has viable Title VII claims for the purposes of establishing venue.

[4] Because Plaintiff offers no other basis for establishing venue over his claims in the Middle District, the Court offers no opinion about other potential legal theories pertaining to establishing venue.

6

1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." With this statute, "Congress intended to give district courts the discretion to transfer cases on an individual basis by considering convenience and fairness." *Kerobo v. Sw. Clean Fuels, Corp.*, 285 F.3d 531, 537 (6th Cir. 2002). While a Plaintiff's choice of forum is to be given considerable weight in determining whether to transfer venue of a case, the significance of this factor can be outweighed by other factors that weigh in favor of transfer of the case. *Van Cleave*, 2022 WL 2115304, at *4. The Sixth Circuit has suggested that relevant factors to consider include (1) the convenience of the parties and witnesses; (2) the accessibility of evidence; (3) the availability of process to make reluctant witnesses testify; (4) the costs of obtaining willing witnesses; (5) the practical problems of trying the case most expeditiously and inexpensively; and (6) the interests of justice. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).

Plaintiff's lawsuit is exactly the type of case in which the Plaintiff's choice of where to file the lawsuit is not determinative. Plaintiff does not reside in the Middle District, and none of the Defendants reside in the Middle District. There are no operative events that are alleged to have occurred in the Middle District, nor are there alleged to be any witnesses or evidence located within the Middle District. In contrast, four of the named Defendants reside in the Eastern District, Plaintiff's former employer has its principal place of business in the Eastern District, and the relevant business and employment records are maintained there. Although Plaintiff asserts that he does not intend to call witnesses from Tennessee, potential witnesses, especially those associated with Swift Enterprises, would nonetheless be expected to be located in the Eastern District. Given all these factors, trying the case in the Middle District as compared

7

to the Eastern District makes no sense from the standpoints of practicality, convenience, expense, and ease of administration. The balance of factors strongly weighs in favor of Defendants' request to transfer the case to the Eastern District. The instant case closely resembles *Van Cleave*, in which the Court transferred a case from the Middle District to the Eastern District, concluding:

> At the end of the day, the only thing Plaintiff has going for her in terms of her case being litigated in this district is that she brings a claim under Title VII. While it may be that "[t]he broad venue provisions set forth in 42 U.S.C. § 2000e–5(f)(3) give the plaintiff the initial opportunity to engage in forum-shopping within the state in which the alleged wrongful act occurred," *Perkins v. Town of Princeville*, 340 F. Supp. 2d 624, 627 (M.D.N.C. 2004) (citation omitted), "[a]s the permissive language of the transfer statute suggests, district courts have 'broad discretion' to determine when party 'convenience' or 'the interest of justice' make a transfer appropriate." *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009). The exercise of that discretion in this case permits only one conclusion – a transfer to the Eastern District is warranted because Plaintiff, Defendant, and the underlying dispute have zero connection to the Middle District of Tennessee.

*Van Cleave,* 2022 WL 2115304, at *5.

Plaintiff's arguments against the transfer of his case to the Eastern District are entirely unpersuasive. First and foremost, he fails to show any factual connection between his claims and the Middle District. Further, whatever problems Plaintiff had with the Clerk's Office in the Eastern District in his initial attempt to file the lawsuit, those issues have nothing to do with the substance of the actual lawsuit and are clearly best resolved in the Eastern District. Likewise, whatever belief Plaintiff has that there is a conspiracy between Defendants and the U.S. Postal Service in Bradley County, Tennessee that impacts his ability to obtain service of process, that another issue best resolved in the Eastern District where the purported conspiracy is alleged to be occurring.

## RECOMMENDATION

For the reasons set out above, it is respectfully RECOMMENDED that Defendants' motion to dismiss (Docket Entry No. 7) be:

1) DENIED to the extent that Defendants seek dismissal of this lawsuit under Rule 12(b)(3); and,

2) GRANTED to the extent that Defendants seek transfer of this lawsuit to the Eastern District of Tennessee under 28 U.S.C. § 1404(a).

ANY OBJECTIONS to this Report and Recommendation must be filed within fourteen (14) days of service of this Report and Recommendation and must state with particularity the specific portions of this Report and Recommendation to which objection is made. *See* Rule 72(b)(2) of the Federal Rules of Civil Procedure and Local Rule 72.02(a). Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Any response to the objections must be filed within fourteen (14) days after service of objections. *See* Federal Rule 72(b)(2) and Local Rule 72.02(b).

Respectfully submitted,

BARBARA D. HOLMES
United States Magistrate Judge