# UNITED STATES DISTRICT COURT

for the *Eastern District*

~~District~~

District of *Tennessee*

*FILED*

*MAR 15 2024*

*Clerk, U. S. District Court*
*Eastern District of Tennessee*
*At Chattanooga*

Division *Southern*
*BMS*

Case No. _____

*(to be filled in by the Clerk's Office)*

| | |
|---|---|
| *Bernard McFadden* | ) |
| **Plaintiff(s)** | ) |
| *(Write the full name of each plaintiff who is filing this complaint.* | ) |
| *If the names of all the plaintiffs cannot fit in the space above,* | ) |
| *please write "see attached" in the space and attach an additional* | ) |
| *page with the full list of names.)* | ) |
| *VS.* | ) |
| *Swift Enterprises, LLC;* | ) |
| *Gregory A. Swift, Eddie Grider* | ) |
| *Joseph Sardone, Dwight Henley* | ) |
| *and Barry Cummings* | ) |
| | ) |
| **Defendant(s)** | ) |
| *(Write the full name of each defendant who is being sued. If the* | ) |
| *names of all the defendants cannot fit in the space above, please* | ) |
| *write "see attached" in the space and attach an additional page* | ) |
| *with the full list of names.)* | ) |

Jury Trial: *(check one)* ☑ Yes  ☐ No

*Amended Complaint*

*68 pages*

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

## I.     The Parties to This Complaint

### A.     The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

| | |
|---|---|
| Name | *Bernard McFadden* |
| Street Address | *2016 Driftwood Drive* |
| City and County | *Columbia, Richland* |
| State and Zip Code | *South Carolina 29210* |
| Telephone Number | *(803) 201-9477* |
| E-mail Address | *bernardmc17@yahoo.com* |

**B.      The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  For an individual defendant, include the person's job or title *(if known)*.  Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | *Swift Enterprises, LLC* |
| Job or Title *(if known)* | President + CEO |
| Street Address | 2765 Michigan Ave. Road NE |
| City and County | Cleveland, Bradley |
| State and Zip Code | Tennessee |
| Telephone Number | (888) 847 - 9438 |
| E-mail Address *(if known)* | |

Defendant No. 2

| | |
|---|---|
| Name | Eddie Grider |
| Job or Title *(if known)* | Load Planner |
| Street Address | 2765 Michigan Ave. Road NE |
| City and County | Cleveland, Bradley |
| State and Zip Code | Tennessee   37311 |
| Telephone Number | (423) 476 - 7231 , Ext 103 |
| E-mail Address *(if known)* | egrider@swiftcompanies.com |

Defendant No. 3

| | |
|---|---|
| Name | Joseph Sardone |
| Job or Title *(if known)* | Administration HR Manager |
| Street Address | 2765 Michigan Ave. Road NE |
| City and County | Cleveland, Bradley |
| State and Zip Code | Tennessee   37311 |
| Telephone Number | (423) 476 - 7231 , Ext 110 |
| E-mail Address *(if known)* | j.sardone@swiftcompanies.com |

2 of 68

Defendant No. 4

| | |
|---|---|
| Name | *Dwight Henley* |
| Job or Title *(if known)* | *Driver Manager* |
| Street Address | *2765 Michigan Ave Road NE* |
| City and County | *Cleveland, Bradley* |
| State and Zip Code | *Tennessee 37311* |
| Telephone Number | *(423) 476 - 7231, Ext. 105* |
| E-mail Address *(if known)* | *dhenley@swiftcompanies.com* |

*Barry Cummings, Lead Driver Support*
*2765 Michigan Ave Road NE*
*Cleveland, Bradley, Tennessee 37311*
*(423) 476 - 7231, Ext. 105; bcummings@swiftcompanies.com*

**C.    Place of Employment**

The address at which I sought employment or was employed by the defendant(s) is

| | |
|---|---|
| Name | *Bernard McFadden* |
| Street Address | *2765 Michigan Ave Road NE* |
| City and County | *Cleveland, Bradley* |
| State and Zip Code | *Tennessee 37311* |
| Telephone Number | *(423) 476 - 7231* |

## II.    Basis for Jurisdiction

This action is brought for discrimination in employment pursuant to *(check all that apply)*:

☑    Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (race, color, gender, religion, national origin).

*(Note: In order to bring suit in federal district court under Title VII, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☐    Age Discrimination in Employment Act of 1967, as codified, 29 U.S.C. §§ 621 to 634.

*(Note: In order to bring suit in federal district court under the Age Discrimination in Employment Act, you must first file a charge with the Equal Employment Opportunity Commission.)*

☐    Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117.

*(Note: In order to bring suit in federal district court under the Americans with Disabilities Act, you must first obtain a Notice of Right to Sue letter from the Equal Employment Opportunity Commission.)*

☑    Other federal law *(specify the federal law)*:  *Common Law Conspiracy*

*Retaliation to Give Workers Compensation. within the meaning of Clanton vs. Cain - Sloan Co., 677 SW 2d*

Pro Se 7 (Rev. 12/16) Complaint for Employment Discrimination

*Retaliation for Pursuing Worker Comp. Benefits, pursuing within the meaning of Clanton vs. Cain - Sloan Co., 677 SW 2d 441 (Tenn 1984) and Title VII* ☑

Relevant state law *(specify, if known)*:  BMS

_____

☐   Relevant city or county law *(specify, if known)*:

_____
_____

## III. Statement of Claim

Write a short and plain statement of the claim. Do not make legal arguments. State as briefly as possible the facts showing that each plaintiff is entitled to the damages or other relief sought. State how each defendant was involved and what each defendant did that caused the plaintiff harm or violated the plaintiff's rights, including the dates and places of that involvement or conduct. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   The discriminatory conduct of which I complain in this action includes *(check all that apply)*:

☐   Failure to hire me.

☑   Termination of my employment.

☐   Failure to promote me.

☐   Failure to accommodate my disability.

☑   Unequal terms and conditions of my employment.   *Omitted Bry*

☑   Retaliation. ① *For Pursuing Worker Comp. Benefits & Filing* ② *01/06/2022 Grievance*

☑   Other acts *(specify)*: ③ *Common Law Conspiracy* ④ *Harassment* ⑤ *Retaliation*

*(Note: Only those grounds raised in the charge filed with the Equal Employment Opportunity Commission can be considered by the federal district court under the federal employment discrimination statutes.)*

B.   It is my best recollection that the alleged discriminatory acts occurred on date(s)

*From April 08th, 2021 til February 17th, 2022*

C.   I believe that defendant(s) *(check one)*:

☐   is/are still committing these acts against me.

☐   is/are not still committing these acts against me.

D.   Defendant(s) discriminated against me based on my *(check all that apply and explain)*:

☑   race   _____

☐   color   _____

☐   gender/sex   _____

*BMS*
*4 of 68*

| | |
|---|---|
| ☐ | religion _____ |
| ☐ | national origin _____ |
| ☐ | age *(year of birth)* _____ *(only when asserting a claim of age discrimination.)* |
| ☐ | disability or perceived disability *(specify disability)* |

_____

E.    The facts of my case are as follows.  Attach additional pages if needed.

*See attached Complaint.*

_____

*(Note:  As additional support for the facts of your claim, you may attach to this complaint a copy of your charge filed with the Equal Employment Opportunity Commission, or the charge filed with the relevant state or city human rights division.)*

## IV.    Exhaustion of Federal Administrative Remedies

A.    It is my best recollection that I filed a charge with the Equal Employment Opportunity Commission or my Equal Employment Opportunity counselor regarding the defendant's alleged discriminatory conduct on *(date)*

_____

B.    The Equal Employment Opportunity Commission *(check one)*:

☐    has not issued a Notice of Right to Sue letter.

☑    issued a Notice of Right to Sue letter, which I received on *(date)* 10/27/2022 .

*(Note:  Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint.)*

C.    Only litigants alleging age discrimination must answer this question.

Since filing my charge of age discrimination with the Equal Employment Opportunity Commission regarding the defendant's alleged discriminatory conduct *(check one)*:

☐    60 days or more have elapsed.

☐    less than 60 days have elapsed.

## V.   Relief

State briefly and precisely what damages or other relief the plaintiff asks the court to order.  Do not make legal arguments.  Include any basis for claiming that the wrongs alleged are continuing at the present time.  Include the amounts of any actual damages claimed for the acts alleged and the basis for these amounts.  Include any punitive or exemplary damages claimed, the amounts, and the reasons you claim you are entitled to actual or punitive money damages.

*See attached Complaint, 61 pages attached.*

## VI.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   3/09/2024

Signature of Plaintiff

Printed Name of Plaintiff    Bernard McFadden

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm          _____

Street Address            _____

State and Zip Code        _____

Telephone Number          _____

E-mail Address            _____

STATE OF TENNESSEE
COUNTY OF BRADLEY

IN THE UNITED STATES DISTRICT COURT
CASE # 1:23-CV-00058, JUDGE T. A. VARLAN

BERNARD MCFADDEN,

               PLAINTIFF,

    VS.

SWIFT ENTERPRISES, LLC.; GREGORY
A. SWIFT, PRESIDENT & CEO, d.b.a.
SWIFT ENTERPRISES; EDDIE GRIDER,
LOAD PLANNER FOR SIWFT; JOSEPH
SARDONE, H/R MANAGER FOR SWIFT;
DWIGHT HENLEY, DRIVER MANAGER
FOR SWIFT; AND BARRY CUMMINGS,
LEAD DRIVER SUPPORT,
              DEFENDANTS.

**NOTICE DEMAND FOR JURY TRIAL**

**AMENDED COMPLAINT UNDER
FEDERAL RULES OF CIVIL PROCEDURE,
RULE 15(c) (1) (C) AND (B)**

PLAINTIFF BERNARD MCFADDEN ALLEGES AS FOLLOWS:

## CAUSES OF ACTION # 1 & 2, HARASSMENT & RETALIATION
## UNDER TITLE VII

A) PLAINTIFF ALLEGES BELOW THAT HE WAS RETALIATED AND HARASSED BECAUSE HE WAS NOT A PREFERRED WHITE DRIVER. THAT FROM THE POINT OF BEING HIRED ON APRIL 8, 2021, AND FALSELY ACCUSED OF PICKING UP TRUCK # S7066 FROM CHARLOTTE, NORTH CAROLINA – **DESPITE A WITNESS AND PLAINTIFF'S OWN PHONE RECORDS WILL CONFIRM HE NEVER WENT TO N.C., CLEARLY CONTRADICT THIS FACT** – SWIFT DISPATCH MAINTAINS THAT PLAINTIFF RETRIEVE SAID TRUCK FROM A N.C. PETERBUILT STORE. THAT HIS WHOLE TIME EMPLOYED THEREAFTER WITH SWIFT, SWIFT DISPATCH AIMED TO DESTROY HIS CAREER. THAT WHEN HE ENGAGED IN A PROTECTED ACTIVITY OF FILING A JANUARY 6, 2022, GRIEVANCE ALLEGING AND REPORTING DIFFERENTIAL TREATMENT, CONSPIRACY INVOLVING SHIPPERS AND RECEIVERS, AND FURTHER REPORTING THAT **SWIFT ENTERPRISES' DISPATCH [ WHO ARE ALL WHITE ] KEEP ORDERING HIM TO PICK UP LOADS IN THE SNOWY MOUNTAINOUS STATES WITHOUT THE TRUCK HAVING**

**WORKING WINDSHIELD WASHERS,** SWIFT DISPATCH RETALIATED AGAINST HIM AND SENT HIM RIGHT BACK IN THE SNOW WITHIN (30) DAYS OF FILING SAID GRIEVANCE THAT CAUSED A LIFE CHANGING INJURY TO HIS CERVICAL SPINE, AMONG OTHER JURIES. THAT SAID DISPATCH HARASSED HIM IN MANY INCIDENTS THAT MADE HIM FEEL UNCOMFORTABLE IN MANY WAYS TO GET HIM TO QUIT AS DISCUSSED BELOW. LOADS WERE ALSO ASSIGNED TO PLAINTIFF IN AREAS WITH LITTLE OR NO TRUCK PARKING WHILE SHIPPERS RECEIVERS DELAYED LOADING OR UNLOADING IN A TIMELY MANNER THAT WOULD ALLOW ENOUGH TIME TO FIND PARKING; WHILE SWIFT'S ALL WHITE  DISPATCH BLOCKED – OR HAD THE PERSONAL CONVEYANCE FEATURE ON THE DISPATCH BLOCKED – WHILE IGNORING PLAINTIFF'S NUMEROUS SUBMITTED / WRITTEN FREE FORM 11 REQUESTS REGARDING THE TRUCK'S DRIVER TECH'S PERSONAL CONVEYANCE FEATURE TO FIND PARKING.

### CAUSES OF ACTION # 3, RETALIATION FOR REQUESTING WORKER COMPENSATION BENEFITS UNDER TITLE VII

B) PLAINTIFF ALLEGES THAT HE WAS INJURED ON THE JOB WHEN A HIT AND RUN DRIVER STRUCK THE TRUCK'S RIGHT WHEN THE HIT AND RUN DRIVER GOT THE GREEN LIGHT WHILE HE WAS STILL INSIDE THE INTERSECTION MAKING A SECOND LEFT TURN, AND WHILE WATCHING AND CLEARING THE LEFT SIDE OF HIS TRAILER IN HIS SEARCH FOR THE PARKING OF THE TRACTOR-TRAILER. THAT AFTER THE ACCIDENT ON FEBRUARY 7, 2022, DEFENDANT SARDONE WAS OVERHEARD BY A WITNESS NEVER TELLING THE PLAINTIFF HE WAS TERMINATED FOR THE ACCIDENT; HOWEVER, **WHEN PLAINTIFF EMAILED US XPRESS' CLAIMS EXAMINER TOM WILCOX FOR WORKER COMPENSATION PAY ON FEBRUARY 17, 2022 – WITHOUT CALING SARDONE UNTIL FEBRUARY 18, 2022 – SARDONE HAD ALREADY WRITTEN THE TERMINATION LETTER THAT IS DATED FEBRUARY 17, 2022.** THAT SARDONE USED THE HIT AND RUN INCIDENT AS PRETEXT AS ALLEGED IN DETAIL BELOW.

### CAUSES OF ACTION # 4, WRONGFUL TERMINATION FOR THE NO FAULT HIT & RUN ACCIDENT UNDER TITLE VII

C) PLAINTIFF ALLEGES THE DURING HIS PHONE CONVERSATION WITH SARDONE ON FEBRUARY 7, 2022, A WITNESS OVERHEARD ASKING PLAINTIFF WHETHER THERE WAS A PROBLEM WITH THE TRAFFIC LIGHT, AND PLAINTIFF IS HEARD TELLING

SARDONE "YES". SARDONE IS FURTHER OVERHEARD ASKING PLAINTIFF DID HE SEE THE OTHER CAR, AND PLAINTIFF SAID "NO". THAT THE PLAINTIFF WAS HEARD ALSO ASKING SARDONE COULD THE LICENSE PLATE OF THE HIT AND RUN DRIVER BE SEEN IN HIS VIDEO, AND SARDONE SAID NO. PLAINTIFF ASKED AGAIN IS HE SURE, AND SARDONE SAID HE WAS LOOKING AT THE VIDEO THEN AND THERE AND RESTATED THAT NO LICENSE PLATE COULD BE SEEN. SARDONE THEN INDICATED THAT HE WOULD CALL PLAINTIFF BACK, AND AGAIN IS HEARD NOT TELLING OR STATING TO PLAINTIFF HE WAS TERMINATED. OTHER INCIDENTS AS DISCUSSED / ALLEGED BELOW ALSO SUGGEST PLAINTIFF TERMINATION WAS PRETEXT, PARTICULARLY WHERE SWIFT'S POLICY DOESN'T DESCRIBE A U-TURN AND **US XPRESS' POLICY INDICATED ONE ROAD, BUT PLAINTIFF USED TWO; AND NO WHITE LINES AT THE INTERSECTION CAN BE SEEN BY SARDONE TO EVEN DETERMINE WHETHER PLAINTIFF RAN A RED LIGHT.**

## CAUSES OF ACTION # 5, PLAINTFF WAS REPLACED BY A WHITE DRIVER BRYAN CROWDER

D) PLAINTIFF FURTHER ALLEGES THAT THE VERY NEXT DAY AFTER BEING QUESTIONED BY SARDONE, DEFENDANT HENLEY CALLED AND TOLD PLAINTIFF HE WOULD NOT BE ABLE TO DRIVE BECAUSE OF THE MEDICATION. THAT HE NEEDED FOR PLAINTIFF TO CLEAN OUT THE TRUCK BECAUSE ANOTHER DRIVER WAS GOING TO COME AND PICK UP THE TRUCK, AND THAT HE NEEDED THE TRUCK TO BE PROMPTLY CLEANED FOR THE DRIVER. AS ALLEGED BELOW, THE DRIVER CALLED PLAINTIFF AND LEFT A MESSAGE INDICATING HE WAS A SWIFT DRIVER. THAT HE WAS ON HIS WAY **[ ABOUT 45 MINUTES AWAY ]** TO PICK UP THE TRUCK. THAT WHEN CROWDER ARRIVED TO GET THE KEY FROM PLAINTIFF, **CROWDER ASKED PLAINTIFF COULD HE LEAVE ALL HIS BELONGING IN THE TRUCK [ THAT WAS PARKED OUTSIDE IN PLAINTIFF'S YARD ]** UNTIL HE RETURNED FROM THE AIRPORT AFTER DROPPING OFF THE RENTAL AND RETURNING IN AN UBER OR A LYFT. THIS CONVERSATION TOO WAS OVERHEARD ON PLAINTIFF'S SPEAKER PHONE BY A WITNESS.

## CAUSES OF ACTION # 6, CONSPIRACY INVOLVING SHIPPERS & RECEIVERS OUTSIDE OF SWIFT ENTERPRISES, LLC., UNDER42 U.S.A., SECTION 1985(3)

## CHICAGO ILLINIOS INCIDENT WITH TRAILER LOADED BACKWARDS, DESIGNED TO CAUSE EXHAUSTION:

E) PLAINTIFF – PURSUANT TO THE PLANNED HARASSMENT TO GET HIM THE QUIT - ALLEGES THAT LOAD # 1064283 IN TRAILER # 612174 WAS **"CHERRY PICKED"** AND ASSIGNED TO PLAINTIFF FOR PICKUP OR RELAYED FROM A MASTERBRAND FACILITY LOCATED IN FERDINAND, INDIANA. THAT DEFENDANT CUMMINGS DIRECTED PLAINTIFF TO TRANSPORT THE LOAD TO THE STATE OF ILLINOIS WITH APPROXIMATELY (10) STOPS. THAT AT PLAINTIFF'S FIRST STOP, HE DISCOVERED THAT THE FREIGHT AT THE END OF THE TRAILER DID NOT BELONG TO THE CUSTOMER AT FIRST STOP. AFTER **COMPLAINING BY WRITING A FREE FORM 11 FROM US XPRESS' TRUCK**, CUMMINGS CALLED PLAINTIFF AND INFORMED PLAINTIFF THAT THE FIRST STOP LOAD COULD BE AT THE NOSE OF THE TRAILER, WHICH IT WAS. THAT PLAINTIFF FOUND OTHER FREIGHT AT OTHER STOPS OUT OF PLACE. THAT SOME PIECES OF FREIGHT ON THIS LOAD COMPLETELY DID NOT EVEN LONGED ON TRAILER # 1064283, EXHAUSTING THE PLAINTIFF AND TAKING ABOUT A WEEK TO FINISH THIS ONE TRAILER. THAT MORE THAN (10) DOCUMENTS WITH WITNESSES NAMES WERE UPLOADED FOR PAY ON US XPRESS' APP, DOCUMENTED WITNESSES AT THESE BUSINESSES SHOWING UNJUSTIFIED DAMAGED FREIGHT AND UNEXPLAINED MISSING FREIGHT, RESULTING INTO THESE WITNESSES HAVING HOSTILE ATTITUDES ABOUT THE ISSUES THAT PLAINTIFF HAD NO CONTROL. THAT THESE INCIDENTS WERE DOCUMENTED AND UPLOADED ON OR ABOUT SEPTEMBER 3, 2021, FOR THE WEEK OF AUGUST 29, 2021 – ONE MANAGER AT A HOME DEPOT OR LOWE'S DURING THIS LOAD CALLED PLAINTIFF **"A SON OF A BITCH"** AFTER PLAINTIFF EXPLAINED THE REASON FOR THE DELIVERY BEING LATE.

**THE "W" AT KINSTON, NC MASTERBRAND AND "W" AT FERDINAND, INDIANA'S MASTERBRAND DOCUMENTS AND NONE THERE AFTER:**

F) PLAINTIFF ALLEGES THAT ON NOVEMBER 23, 2021, WHILE AT THE MASTERBRAND IN N.C. AS ALLEGED BELOW, **A BLACK FEMALE THAT OFTEN ACTED SECRETIVELY ALONG WITH A YARD JOCKEY** REGARDING THE PAPERWORK AND LOCATION OF THE TRAILERS - AS WELL AS POSITIONING OF THE TRAILERS TO CAUSE AN ACCIDENT OR TO MAKE IT DIFFICULT TO ATTACH TO WITH THE TRUCK - REFUSED TO INDICATE TO PLAINTIFF WHICH TRAILER THE LOAD WILL BE STORED IN FOR TRANSPORT AFTER PLAINTIFF HAD GIVEN HER THE THE PICKUP INFORMATION SWIFT'S DISPATCH HAD GIVEN HIM. THAT THE BLACK FEMALE GOT VERY QUIET AND SIMPLY TOLD PLAINTIFF IT WAS NOT READY AND TO COME BACK AT A PARTICULAR TIME. WHEN PLAINTIFF RETURNED, SHE WAS NO LONGER PRESENT. **CUMMINGS AND HENLEY DID NOT**

**ASSIST** AS ALLEGED IN DETAIL BELOW. PLAINTIFF SEARCHED THE YARD AND FOUND THE ONLY ONE TRAILER GOING TO THE GEORGIA MASTERBRAND, BUT A "W" WAS PLACED IN FRONT OF **A FIVE DIGIT TRAILER NUMBER**, PARTICULARLY AS ALLEGED BELOW.

G) DURING PLAINTIFF'S APPROVED HOME TIME ON NOVEMBER 24, 2021, DEFENDANT GRIDER CALLED PLAINTIFF AND FALSELY STATED HOME TIME WAS NOT APPROVED AND FOR PLAINTIFF TO CALL HIS DRIVER MANAGER. **GRIDER DID NOT DOCUMENT THE WRONG TRAILER ISSUE IN WRITING.** WHEN PLAINTIFF RETURNED THE CALL, EXPLAINING "W" ARE NOT PLACED IN FRONT OF TRAILERS, SOMEONE FROM SWIFT ON THIS VERY SAME 24TH DAY OF NOVEMBER SECRETIVELY CONTACTED SOMEONE AT FERDINAND, INDIANA MASTERBRAND FACILITY AND HAD THAT PERSON PUT A **"W"** IN FRONT OF THE VERY NEXT LOAD SHOWN IN DOCUMENTS THAT WERE UPLOADED FROM THAT FACILITY TOO, BUT ABSOLUTELY NO **"W's"** THEREAFTER - SCINTILLA EVIDENCE THAT SUGGEST CONNECTION OF A SCHEME TO UNDERMINE PLAINTIFF STATEMENT THAT **"W's"** ARE NOT USED.

**THE UNLOAD IN TEXAS HEAT AFTER BEING REROUTED TO DOCKS WHILE THE SHIPPER WITHDREW ITS WAREHOUSE WORKERS; AND TOUCH FREIGHT AFTER SWIFT'S DISPATCH FALSELY DOCUMENT PLAINTIFF REFUSED TO TOUCH FREIGHT ALL TOGETHER, OCCURRING AFTER OCTOBER 2021, A FALSE POSITION STATEMENT TO THE TENNESSE'S EEOC THAT:**

H) PARTICULARLY, AS ALLEGED BELOW, PLAINTIFF FURTHER ALLEGES THAT HE SAW MANY MESSAGES ON THE DRIVER TECH WHERE SOMEONE FROM **THIS ALL WHITE DISPATCH** WAS DISQUALIFYING HIM FOR MANY OF US XPRESS AND SWIFT ENTERPRISES' ROUTES, WITH PHRASES LIKE THE **"DRIVER INFORMATION CHANGED"** OR THE **"DRIVER NO-LONGER AVAILABLE"** COMING FROM DISPATCH. PLAINTIFF BELIEVES SOMEONE FROM DISPATCH **[ VERY POSSIBLY EDDIE GRIDER ]** WAS OFTEN WRITINGS, DOCUMENTING & CREATING MANY OF THESE FALSE STATEMENTS LIKE **"DRIVER INFORMATION CHANGED"** ON THE MESSAGING FEATURE OF US XPRESS' DRIVER TECH. THAT PLAINTIFF SAW THESE WERE DONE ON NUMEROUS OCCASIONS, DESPITE A COMPUTER FORENSIC CAN STILL RETRIEVE THIS INFORMATION IF IT SINCE HAVE BEEN DELETED. **THAT SWIFT'S DISPATCH STATEMENT THAT PLAINTIFF DID NOT DELIVER LOAD # 1865651 IN TRAILER # 610844 TO DAYTON, TEXAS DROP YARD IS ALSO CLEARLY FALSE**, ACCORDING TO

DOCUMENTS THAT HAVE BEEN UPLOADED BY PLAINTIFF WITH US XPRESS' DRIVER'S APP FOR PAY FROM SWIFT.

I) PLAINTIFF ALLEGES THE UNKNOWN LOAD TO THE WAREHOUSES WITH NO DOCKS WAS THE VERY NEXT LOAD AFTER LOAD 1865651. THAT THIS IS WHERE PLAINTIFF CAN SHOW THAT HE WAS ASSIGNED ANOTHER LOAD FROM SWIFT'S DISPATCH THAT WAS REROUTED TO WARE HOUSES THAT HAD NO DOCKS, DESIGNED TO CAUSE EXHAUSTION IN THE TEXAS HEAT [ **64 DEGREE AVERAGE TEMPERATURE IN TEXAS CAN EASILY RISE TO 100 DEGREES IN A TRAILER LOADED WITH CABINETS** ] IN THE CONSPIRATORS' EFFORT TO GET PLAINTIFF TO QUIT THAT INVOLVED.

J) **SWIFT'S ALL WHITE DISPATCH** WROTE THAT PLAINTIFF REFUSED TO TOUCH FREIGHT AFTER OCTOBER 2021 WAS AND IS A FALSE. THAT THE SHIPPER AT THIS LOCATION IN TEXAS HAD ITS OWN WAREHOUSE WORKERS, BUT THE **"ALL WHITE RECEIVERS"** STATED THEY DID NOT HAVE ENOUGH WORKERS TO UNLOAD THE TRAILER. THAT AFTER PLAINTIFF HAD FINALLY FINISHED UNLOADING **3/4** OF THE LARGE, HEAVY CABINETS IN THE TRAILER, HE WAS DRENCHED IN SWEAT – TO THE POINT PLAINTIFF HAD TO CHANGE EVERY BIT OF CLOTHING BEFORE HEADED TO FLORIDA. THAT THIS TOUCH FREIGHT LOAD DID FRUSTRATE PLAINTIFF TO THE POINT OF QUITTING, AS HE ONLY WANTED TO DO **"NO TOUCH FREIGHT"** WHEN INITAILLY HIRED AND AFTER THE LOAD SABOTAGING STOPS THAT WERE PREVIOUSLY DELIVERED IN THE STATE OF ILLINOIS, AS ALLEGED ABOVE.

**NEW JERSEY PEPSI PLAINT LARGE WHITE SECURITY GUARD, PLAINTIFF'S FORMER DRIVER SUPERVISOR OF SWIFT, LAURIE USSARY, IN CONNECTION WITHTIOGA TERMINAL BULLYING, DISRESPECTFUL SECURITY GUARD INCIDENT:**

K) PLAINTIFF FURTHER ALLEGES THAT SWIFT'S ALL WHITE DISPATCH TRIED TO PREVENT PARKING IN A TIMELY MANNER IN NEW JERSEY AND LATER IN PHILADELPHIA BY WITHHOLDING THE LOAD INFORMATION AT THE PEPSI PLAINT, AS STATED IN DETAILS BELOW. THAT SWIFT'S DISPATCH KNEW OR SHOULD HAVE KNOWN THAT THERE WAS ALSO NO TIME TO PICKUP THE LOAD AT TIOGA MARINE TERMINAL IN PHILADELPA. THAT PLAINTIFF WAS TOLD THAT IT WAS TIOGA'S POLICY TO STOP LOADING AT 4:00 PM. THAT IT WAS ALSO TIOGA'S POLICY NOT TO ALLOW OVER NIGHT PARKING.

L) PLAINTIFF ALLEGES THAT HE ARRIVED AT THE PEPSI PLAINT WITHOUT THE CORRECT INFORMATION GIVEN TO HIM BY SWIFT'S DISPATCH. THAT HE WAS TOLD BY A LARGE WHITE FEMALE SECURITY OFFICER TO PARK ON THE SIDE SO HE WOULD NOT

BLOCK THE DRIVE WAY WHILE HE TRY TO MAKE CONTACT WITH SWIFT'S DISPATCH FOR THE CORRECT INFORMATION. AFTER A SIGNIFICANT AMOUNT OF TIME HAD PASSED WITHOUT DISPATCH PRODUCING THE CORRECT INFORMATION, THE WHITE SECURITY OFFICE TOLD PLAINTIFF HIS TIME WAS UP AND TO LEAVE. AGAIN, SWIFT'S DISPATCH WAS APPARENTLY STALLING PLAINTIFF WITH THE NEXT LOAD WHILE AT THE PEPSI PLAINT IN NEW JERSEY, AN AREA WITH LITTLE OR NO TRUCK PARKING.

M) PLAINTIFF SENT A **FREE FORM 11** ADVISING SWIFT'S DISPATCH THAT THE SECURITY OFFICER TOLD HIM HE NEEDED TO LEAVE, **BUT MS. USSERY WROTE A RESPONSE AND ACTED AS THOUGH PLAINTIFF WAS BLOCKING THE DRIVEWAY OF THE PEPSI PLAINT BUSINESS THERE IN NEW JERSEY.** WHEN PLAINTIFF LEFT TO FIND PARKING, AS ALLEGED BELOW, SWIFT DISPATCH SENT ANOTHER LOAD FOR PICKUP IN PHILADELPHIA AT TIOGA MARINE TERMINAL, DESPITE THE WEATHER AND DESPITE THE TRUCK HAVING NO WORKING WINDSHIELD WASHER PUMP TO DE-ICE THE WINDSHIELD.

N) AS ORDERED BY THE **ALL WHITE DISPATCH**, WHEN PLAINTIFF ARRIVED AT TIOGA MARINE TERMINAL, A LARGE WHITE MALE SECURITY OFFICER STARTED YELLING AND FLAILING HIS ARMS IN A BULLYING TYPE MANNER. THE OFFICER ORDERED PLAINTIFF OUT OF THE TRUCK AND DIRECTED THE PLAINTIFF TO LEAVE THE TRUCK PARK THERE IN THE MIDDLE OF THE DRIVEWAY, BUT PLAINTIFF REFUSED. **THE BULLYING OFFICER WAS TRYING TO GET PLAINTIFF TO LEAVE THE TRUCK IN THE DRIVEWAY, WHICH WAS THE EXACT SAME THING MS. USSERY – IN WRITING - INSINUATED PLAINTIFF WAS DOING AT THE PEPSI PLAINT HE JUST LEFT.**

O) THAT THE DEFENDANTS ACTED OUTSIDE THE SCOPE OF EMPLOYMENT IN THE FOLLOWING PARTICULARS TO HARASS AND RETALIATE TO COMPEL QUITTING:

    * IN MANIPULATING SHIPPERS AND RECEIVERS TO JOIN THE STALLING OF PLAINTIFF IN VARIOUS LOCATIONS WHILE BLOCKING THE PERSONAL CON-VEYANCE TO PREVENT TIMELY PARKING OF A THE TRACTOR TRAILER;
    * IN NOT TIMELY PROVIDING PICKUP NUMBERS OR INFORMATION FOR LOADS TO PREVENT PARKING IN A TIMELY MANNER;
    * IN ORDERING PLAINTIFF TO WORK ON HIS DAYS OFF;
    * IN LYING ABOUT ABOUT WHETHER PLAINTIFF WAS APPROVED FOR HOME TIME;
    * IN FALSIFYING DOCUMENTS ON US XPRESS' DRIVER TECH TO DISQUALIFY PLAINTIFF FOR CERTAIN LOADS;

* IN ORDERING LOADS THAT HAD ALREADY EXPIRED OF COULD NOT HAVE
  BEEN DELIVERED IN A TIMELY MANNER;
* IN CUMMING ASSIGNING LOADS, OR LEAD PLAINTIFF BELIEVE HE COULD
  ASSIGN LOADS AND TRUCKS ON PLAINTIFF'S SECOND DAY ON THE JOB;
* IN NOT HAVING LOADS AVAILABLE AND ASSIGNING PLAINTIFF TO A HOTEL
  NEAR A CONFEDERATE FLAG AND GRAVEYARD WHERE PLAINTIFF WAS EXPOSE
  TO GAS IN AN EFFORT TO GET PLAINTIFF TO QUIT;
* IN LYING ABOUT PLAINTIFF PICKING UP TRUCK #S7066 IN N.C. WHEN PLAINTIFF'S
  PHONE RECORDS SHOW HE NEVER LEFT S.C. AND WITNESS SAW BLACK DRIVER;
* IN HENLEY TELLING PLAINTIFF TO TAKE TRAILER HOME TO VIOLATE COMPANY
  POLICIES;
* IN SENDING PLAINTIFF TO TIOGA WITH KNOWLEDGE LOADING STOP AT 4PM;
* IN INSINUATING PLAINTIFF WAS BLOCKING PEPSI PLAINT DRIVEWAY WHILE
  HAVING TIOGA'S WHITE LARGE BULLY SECURITY OFFICER TO ORDER PLAINTIFF
  AWAY FROM THE TRUCK;
* IN SENDING THE INJURY CAUSING LOAD AFTER PLAINTIFF TIMELY REQUESTED
  PARKING OR INDICATED PARKING; AND
* IN SENDING LOADS IN BAD WHETHER WITHOUT HAVING WINDSHIELD WASHERS;

## INTRODUCTION

1) THIS CASE IS ABOUT EMPLOYMENT RETALIATION, WRONGFUL MIX MOTIVE
TERMINATION, HARASSMENT, RETALIATION UNDER TITLE VII-VIOLATION OF TITLE VII
OF THE CIVIL RIGHTS ACT OF 1964, 42 USC SEC. 2000 e-2(a)(1) & (2), COMMON LAW
CONSPIRACY, RETALIATION IN SEEKING WORKER COMPENSATION WHEN PLAINTIFF
WAS REPLACED BY A WHITE DRIVER NAMED BRYAN CROWDER. THAT DEFENDANT
GREGORY A. SWIFT NEGLIGENTLY RETAINED AN ALL WHITE DISPATCH WHO ARE BIAS
AGAINST SWIFT'S BLACK TRUCK DRIVERS. THAT SWIFT RETAINED AN ALL WHITE
SUPERVISING DISPATCH THAT OFTEN ASSIGNED THE BLACK TRUCK DRIVERS [ LIKE
PLAINTIFF ] TO DELIVER LOADS AT UNSAFE TIMES WITH LESS FAVORABLE AND
UNSAFE ROUTES, WHILE THE WHITE DRIVERS ARE GIVEN SAFER AND MORE
FAVORABLE ROUTES. FACTS TEND TO SUGGEST DEFENDANTS' MOTIVATION AND
TERMINATION WAS BASED ON RACE FROM THE INITIAL AND UNNECESSARY HOTEL
ASSIGNMENT TO SHOW THE CONFEDERATE FLAG DURING PLAINTIFF SECOND DAY
ON THE JOB, THROUGH THE EMAILING OF A GRIEVANCE UNTIL THE FINAL
TERMINATION AND REPLACEMENT WITH BRYAN CROWDER. THAT PURSUANT TO A
CONSPIRACY, DEFENDANTS' PLAN WAS TO DAMAGE PLAINTIFF'S CAREER AS A

15 of 68

BLACK TRUCK DRIVER. THAT SWIFT IS A PREDOMINANTLY WHITE TRUCKING COMPANY WHOM THE PLAINTIFF CONTENDS SABOTAGED HIS LOAD ASSIGNMENTS TO UNDERMINE HIS WORK, AND THAT AT ALL TIMES, THE INDIVIDUALS GIVING INFORMATION AND INSTRUCTIONS TO PLAINTIFF FOR LOADS IN DISPATCH WERE WHITE .

2) **PLAINTIFF WAS HIRED BY US XPRESS INC., ON APRIL 08TH, 2021, AND ASSIGNED TO WORK FOR SWIFT ENTERPRISES THAT HAD AN ALL WHITE DISPATCH ON APRIL 08TH, 2021.** PLAINTIFF WAS NOTIFIED OF HIS DISCHARGE ON OR ABOUT FEBRUARY 17TH, 2022. TWICE DURING PLAINTIFF'S (10) MONTHS OF EMPLOYMENT, PLAINTIFF EMAILED GRIEVANCES TO THE HUMAN RESOURCE MANAGER JOSEPH SARDONE. AT SOME POINT AFTER EMAILING THE SAID GRIEVANCES TO SARDONE, THE DEFENDANTS BARRY CUMMINGS, DWIGHT HENLEY AND EDDIE GRIDER IN DISPATCH WENT INTO DISGUISE TO DAMAGE PLAINTIFF'S CAREER AS A BLACK TRUCK DRIVER. **US XPRESS IS THE PARENT COMPANY OF SWIFT ENTERPRISES** AND HAS BEEN PREVIOUS INVOLVED IN A LAWSUIT REGARDING **A SUPERVISOR AT US XPRESS ALLEGEDLY TOLD OTHER EMPLOYEES THAT STOUDMIRE WAS A " NO GOOD NIGGER "** ACCORDING TO THE COMPLAINT . **SEE <u>STOUDMIRE VS. US XPRESS,</u> CIVIL ACTION NO. 2:12-CV–1055-MHT (WO) (MD ALA. APRIL 3RD, 2013).**

3) THAT SAID DEFENDANTS CREATED INCIDENTS DESIGNED TO HARASS BY OF CONCEALING LOAD INFORMATION TO CAUSE DELAYS IN AREAS WITH LITTLE OR NO PARKING FOR TRACTOR-TRAILERS, BY SABOTAGING LOAD ASSIGNMENTS IN WITHHOLDING LOAD INFORMATION TO CAUSE THE STALL OR DELAY, BY ASSIGNING PLAINTIFF'S LOADS IN ICY, SNOWY, MOUNTAINOUS AREAS WITH KNOWLEDGE THAT PLAINTIFF DID NOT WORK HAVE WORKING WINDSHIELD WASHERS ON HIS TRCUK TO INSTILL FEAR IN PLAINTIFF IN AN EFFORT TO GET PLAINTIFF TO QUIT, TO DAMAGE PLAINTIFF'S FUTURE EMPLOYMENT AS A TRUCK DRIVER WITH OTHER EMPLOYERS, AND TO DISQUALIFY PLAINTIFF FOR SOUTHEASTERN ROUTES BY FABRICATING STATEMENTS NOT CREATED BY PLAINTIFF IN THE TRUCK'S DRIVER TECH MESSAGES.

4) THAT SUCH FABRICATED STATEMENTS ARE: **" DRIVER WON'T DO TOUCH LOADS ", AS IN SWIFT'S EEOC POSITION STATEMENT AT P. 5; AND OTHERS STATEMENTS LIKE " DRIVER'S INFORMATION CHANGED. " THAT WHEN PLAINTIFF WOULD TALK WITH DEFENDANT HENLEY OR ANY OF THE DEFENDANTS ON THE PHONE, THEY**

*MCFADDEN # 143*

ALL WILL OFTEN SAY SOMETHING TO THE EFFECT OF " THERE IS NOTHING PERSONALLY AGAINST YOU " OR " WE HAVE NOTHING AGAINST YOU. "

5) PLAINTIFF FURTHER ALLEGES THAT SWIFT ENTERPRISES, LLC., MANAGERS OR DEFENDANTS CUMMINGS, GRIDER, & HENLEY ON SEVERAL OCCASIONS ACTED OUT SIDE THE SCOPE OF THEIR EMPLOYMENT AND ENGAGED IN A CONSPIRATORIAL CONDUCT TO FURTHER THEIR OWN PERSONAL PURPOSE, AND NOT THAT OF SWIFT ENTERPRISES, LLC., CONSPIRACY WITHIN THE MEANING OF <u>SHIPWASH VS. UNITED AIRLINES, INC.,</u> **28 F.SUPP.3D 740, 749 ( ED. TENN. 2014 ).** PLAINTIFF ALLEGES THAT ONE SUCH CORPORATION IS TIOGA MARINE TERMINAL IN PHILADEPHIA, PENNSYLVANIA. THAT ON FEBRUARY 3, 2022, DEFENDANTS GRIDER AND HENLEY KNEW THAT THE WEATHER WAS UNSAFE FOR DRIVING IN NEW JERSEY, KNEW PLAINTIFF'S TRUCK DID NOT HAVE WORKING WINDSHIELD WASHERS, AND KNEW PLAINTIFF WAS RUNNING OUT OF DRIVE TIME, BUT SAID DEFENDANTS STILL ORDERED PLAINTIFF TO PICK UP A LOAD AT TIOGA WITH KNOWLEDGE THAT PLAINTIFF WILL LIKELY NOT BE ABLE TO GET LOADED OR OVERNIGHT PARKING AT THIS LOCATION. THAT UPON PLAINTIFF'S ARRIVAL, THE SECURITY OFFICER AT THE GATE BECAME EXTREMELY AGGRESSIVE AND GAVE UNREASONABLE DIRECTIVES. THE ALL WHITE TIOGA'S SHIPPERS, LIKE DEFENDANTS, ALSO IGNORED UNSAFE WEATHER CONDITIONS AND SENT PLAINTIFF BACK INTO PHILADELPHIA BECAUSE OF HIS RACE. THAT THE SHIPPERS ALSO HAD KNOWLEDGE THERE WERE LITTLE, IF ANY, PARKING FOR TRACTOR-TRAILERS.

6) PLAINTIFF ALSO ALLEGES THAT HE IS A MEMBER OF A PROTECTED CLASS, WAS SUBJECT TO ADVERSE EMPLOYMENT, WAS A QUALIFIED TRUCK DRIVER, AND WAS REPLACED BY A WHITE DRIVER. THAT THIS CASE IS CIRCUMSTANCES WITHIN THE MEANING OF <u>MCDONNELL,</u> **93 S.CT. 1817 ( 1973 ).**

### <u>CONFEDERATE FLAG / GRAVEYARD & GAS FACTORS TO INSTILL FEAR AS CIRCUMSTANTIAL EVIDENCE DEFENDANTS' ACTIONS RACIALLY MOTIVATED</u>

7) PLAINTIFF ALLEGES HE WAS HIRED APRIL 8, 2021, BY US XPRESS AND LOANED TO SWIFT. DEFENDANT CUMMINGS SENT PLAINTIFF HOME UNTIL APRIL 13, 2021.

8) THAT ON APRIL 13, 2021, DEFENDANT CUMMINGS & GRIDER DIRECTED PLAINTIFF TO PICKUP TRUCK # S7066 FOR A LOAD THAT THEY KNEW OR SHOULD HAVE KNOWN HAD A CHECK ENGINE OR DEF LIGHT. THAT UPON ARRIVING TO PICKUP THE TRUCK, A BLACK TRUCK DRIVER – WHO IS BELIEVED TO HAVE ALSO BEEN EMPLOYED BY SWIFT – DIRECTED PLAINTIFF TO

**MCFADDEN # 144**

17 of 68

RETRIEVE THE KEY FROM THE PETERBULT STORE INSIDE COUNTER. THAT THIS PICKUP WAS **OBSERVED BY A FEMALE WITNESS – MS. LEE E. LEWIS.**

9) THAT THE PETERBUILT STORE IS LOCATED IN WEST COLUMBIA, SOUTH CAROLINA, AT 225 ROLLING MEADOWS LN, **AND NOT IN CHARLOTTE, NORTH CAROLINA AS CLAIMED BY DEFENDANTS** IN THEIR POSITION STATEMENT BEFORE TENNESSEE'S EQUAL EMPLOYMENT OPPORTUNITY COMMISSION AT P. 3.

10) SWIFT ENTERPRISES IS A PREDOMINANTLY WHITE TRUCKING COMPANY, AND THE PLAINTIFF'S CONTACT LIST OF ALL THE INDIVIDUALS IN DISPATCH - PROVIDED TO PLAINTIFF BY MS. BRUNSON IN SWIFT'S PAYROLL - ARE ALL WHITE.

11) THAT AFTER STATING HIS SOUTHEASTERN ROUTE ON APRIL 15, 2021, ON APRIL 16TH, 2021, DEFENDANT CUMMINGS TOOK PLAINTIFF OFF THE ROUTE IN RINGGOLD, GEORGIA, AND EVENTUALLY MADE ARRANGEMENTS FOR PLAINTIFF TO STAY AT A HOTEL NAMED THE VILLA, WHICH IS COMMONLY USED BY US XPRESS TO HOUSE IT'S DRIVERS.

12) THAT AS SEEN FROM A GOOGLE SEARCH AND AS OBSERVED BY PLAINTIFF ON APRIL 16TH, 2021, THE VILLA HOTEL IS NEAR A CONFEDERATE GRAVE YARD THAT HAS A CONFEDERATE FLAG FLYING HIGH ON A POLE LOCATED AT 5437 ALABAMA HWY., RINGGOLD, GEORGIA WITH A US XPRESS TERMINAL LESS THAN (15) MILES AWAY FROM SAID HOTEL; THE US XPRESS LOCATION IS AT 1535 NEW HOPE CHURCH ROAD ROAD, TUNNEL HILL, GEORGIA .

13) THAT ACCORDING TO DEFENDANT CUMMINGS' STATEMENT IN SWIFT'S POSITION STATEMENT TO THE EEOC – WHEN CUMMINGS DENIED THAT PLAINTIFF WAS INSTRUCTED BY HIM TO GO INTO THE SHOP OR STAY AT THE HOTEL - CUMMINGS STATED [ PARAPHRASED ] TRUCK # S7066 DID NOT HAVE A CHECK ENGINE LIGHT BECAUSE IT JUST PASSED DOT INSPECTION, AND THAT THE REASON HE TOOK PLAINTIFF OFF THE ROUTE WAS BECAUSE **"SWIFT WOULD WORK TO ASSIGN MCFADDEN ANOTHER TRUCK WITH A ROUTE IN THE REGION... ." THAT IS, DEFENDANT CUMMINGS WANTED TO ASSIGN PLAINTIFF A TRUCK TO DO SOUTHEASTERN ROUTES. ( SEE SWIFT'S POSITION STATEMENT BEFORE THE TENNESSEE EEOC AT PAGE # 3 )**

14) HOWEVER, PLAINTIFF SUBMITS THAT THIS [ DEFENDANT CUMMINGS' ] POSITION STATEMENT IS CONTRADICTED WITH CUMMINGS FRIDAY APRIL 16TH, 2021, TEXT MESSAGE, STATING **[SIC] HANG TIGHT. I'M TRYING TO GET YOU OFF THE LOADS SO**

**YOU CAN GO IN THE SHOP. I PUT TIME OFF IN THERE FOR THIS WEEKEND FOR YOU TOO.**

15) THAT APRIL 16TH, 2021, WAS PLAINTIFF'S SECOND DAY ON THE JOB, CONSISTENT WITH CUMMINGS' TEXT MESSAGES THAT STARTED ON OR ABOUT APRIL 13TH, 2021.

16) PLAINTIFF CONTENDS AND ALLEGES THAT IT WAS DEFENDANTS AND / OR CUMMINGS" IDEA AND SOLE PURPOSE TO INSTILL FEAR IN HIM WITH THE GRAVE YARD AND CONFEDERATE FLAG IN ORDER TO GET HIM TO QUIT DURING HIS SECOND DAY ON THE JOB.

17) PLAINTIFF ALLEGES THAT HE FORWARDED A TEXT MESSAGE **[ FAXED DOCUMENT BEFORE THE EEOC AT P. 12 AND 13 OF 62 ]** TO DEFENDANT CUMMINGS THAT FRIDAY MORNING AT 11:49 AM, ASKING CUMMINGS TO GET HIM A LOAD, STATING [ SIC ] :

> **" CAN YOU SHOOT ME THE LOAD FOR SOUTH CAROLINA?**
> **THIS PETERBUILT LOCATION SAYS TRUCK WON'T BE**
> **DONE TODAY. OUR SHOP SUGGESTS USING THE ONE**
> **IN COLUMBIA, SOUTH CAROLINA."**

18) PLAINTIFF FURTHER SUBMITS DEFENDANT CUMMINGS TEXT BACK AT 11:51 AM STATING, "CALL ME".

19) THAT PLAINTIFF ONCE AGAIN TEXTED DEFENDANT CUMMINGS, ASKING CUMMINGS WHETHER HE WANTED HIM TO PICKUP A SENT LOAD AT 11:51 AM, A LOAD THAT WAS SENT OVER TO TRUCK # S7066, LOAD # 9935962, BUT CUMMINGS DIDN'T RESPOND TO THE PLAINTIFF'S TEXT MESSAGE

20) THAT PLAINTIFF'S TEXT MESSAGE TO DEFENDANT CUMMINGS ASKED AS FOLLOWS:

> **" DO YOU WANT ME TO PICKUP ORDER # 9935962 AND**
> **HEAD TO NORTH CAROLINA? LOOKING AT THE APP,**
> **IT'S READY."**

21) CUMMINGS IGNORED THE PLAINTIFF'S TEXT MESSAGE AROUND OR ABOUT 11:51 AM.

**JURY TRIAL DEMANDED: GENUINE DISPUTE AS TO WHETHER CUMMINGS / SWIFT'S REASON FOR PLACING PLAINTIFF IN THE CONFEDERATE FLAG HOTEL WAS RACIALLY MOTIVATED OR WHETHER TO ASSIGN TRUCK**

*MCFADDEN # 146*

19 of 68

22) PLAINTIFF FURTHER ALLEGES THAT CUMMINGS CAUSED OR ARRAIGNED FOR PLAINTIFF TO STAY AT THE VILLA HOTEL IN RINGGOLD, GEORGIA, AND THAT ANOTHER HOTEL IS IN FACT NEARBY, BUT CUMMINGS DID NOT CHOOSE THAT HOTEL.

23) THAT ON THIS FRIDAY, THE 16TH DAY OF APRIL 2021, AN ALL WHITE HOTEL STAFF ASSIGNED PLAINTIFF TO ROOM # 124 ON THE BACK SIDE OF THE VILLA HOTEL NEAR THE CONFEDERATE GRAVEYARD AND CONFEDERATE FLAG WHERE US XPRESS DRIVERS ARE ASSIGNED.

24) THAT DURING THIS TIME, US XPRESS USED THE VILLA HOTEL TO HOUSE IT DRIVERS FOR ORIENTATION OR BRAKE-DOWNS.

25) THAT DEFENDANT CUMMINGS' APRIL 8TH, 2021, WELCOME EMAIL TO PLAINTIFF STATES THAT CUMMINGS WAS EMPLOYED BY US XPRESS FOR OVER (20) YEARS.

26) **THAT US XPRESS [ SWIFT'S PARENT COMPANY ] IS THE SAME TRUCKING FOR WHICH A SUPERVISOR WAS SUED FOR ALLEGEDLY TELLING OTHER EMPLOYEES THAT STOUDMIRE WAS A " NO GOOD NIGGER ". SEE STOUDMIRE VS. US XPRESS, INC., CIVIL CASE # 2:12 CV. 1055-MHT (WO) ( MD ALA. 3RD., 2013)**

27) THAT ACCORDING TO DEFENDANT CUMMINGS' EMAIL TO PLAINTIFF ON APRIL 08TH, 2021, CUMMINGS HAD BEEN EMPLOYED BY US XPRESS SINCE 1993 OR OVER (20) YEARS.

28) THAT DEFENDANT CUMMINGS WAS AWARE OF THE VILLA HOTEL, AND THAT IT WAS USED BY US XPRESS TO HOUSE ITS DIVERS.

29) THAT DEFENDANT CUMMINGS KNEW THAT THE PLAINTIFF WOULD SEE THE CONFEDERATE FLAG AND CONFEDERATE GRAVEYARD UPON HIS STAY THEREAT THE VILLA HOTEL.

30) PLAINTIFF FURTHER ALLEGES THAT DURING THE NIGHT AND WHILE ASLEEP IN HOTEL ROOM 124, PLAINTIFF HAD AWOKEN TO USE TO BATHROOM WHEN HE NOTICED A STRONG ODER OR A ROTTEN – EGG – LIKE - SMELL, COMMONLY KNOWN TO BE FROM A GAS LEAK.

31) THAT AFTER MANY ATTEMPTS TO BLOCK THE SMELL BY HOLDING HIS HEAD UNDER THE COVERS AND TO AIR OUT THE ROOM BY OPENING THE HOTEL ROOM DOOR, PLAINTIFF NOTIFIED TO ALL WHITE HOTEL STAFF THE NEXT MORNING ON SATURDAY, APRIL 17TH, 2021.

MCFADDEN # 147

20 of 68

32) THAT AFTER COMPLAINING ABOUT FEELING SICK FROM THE GAS LEAK TO HOTEL STAFF, THE HOTEL STAFF MOVED PLAINTIFF FROM ROOM 124 TO ROOM # 122 THAT WAS STILL ON THE BACKSIDE NEAR THE GRAVE YARD AND CONFEDERATE FLAG.

33) PLAINTIFF SUBMITS THAT THE FAXED (62) PAGE DOCUMENT BEFORE THE EEOC AT PAGE 15, 16, 17, AND 18 SHOW PHOTOGRAPHS THAT WERE TAKEN ON OR ABOUT APRIL 17TH, 2021, OF THE CONFEDERATE FLAG, OF THE CONFEDERATE GRAVEYARD, OF THE GAS METER, AND OF HOTEL ROOM 124 WITH THE DOOR OPEN, AND OF A WHITE MALE IDENTIFIED BY PLAINTIFF AS WITNESS OR DRIVER FOR US XPRESS.

34) PLAINTIFF CONTENDS AND ALLEGES THAT ALTHOUGH CUMMINGS HAD WELCOME HIM AS A SWIFT TRUCK DRIVER IN A TEXT MESSAGE ON APRIL 8TH, 2021, CUMMINGS CONCEALED THE TRUE REASON HE SEPARATED PLAINTIFF FROM OTHER DRIVERS AT US XPRESS TERMINAL WAS BECAUSE OF HIS RACE; THAT IS, HE PREVENTED OR SEPARATED PLAINTIFF FROM MINGLING WITH THE WHITE US XPRESS AND / OR SWIFT TRUCK DRIVERS BY ARRANGING FOR PLAINTIFF TO STAY AT THE VILLA HOTEL RATHER THAN US XPRESS' TERMINAL IN TUNNEL HILL TERMINAL, GEORGIA – TOGETHER WITH HIS EFFORT TO INSTILL FEAR.

## SABOTAGING LOAD ASSIGNMENTS BY WITHHOLDING INFORMATION TO PICKUP LOADS AND PREVENT TRACTOR-TRAILER PARKING IN AREAS WITH LITTLE OR NO REST AREAS OR TRUCK STOPS FOR PARKING

35) PLAINTIFF SUBMITS THAT ATTACHMENT B, (62) PAGE FAXED DOCUMENT AT PAGE 19 OF 62 IN THE EEOC, IS A PHONE CALL LOG SHOWING TIME SPENT ON THE PHONE WITH SWIFT, WHOSE PHONE NUMBER IS 1-423-476-7231 ON A WEDNESDAY OCTOBER 20TH, 2021, THAT LASTED FOR (7) MINUTES, (4) SECONDS ENDING AT 3:09 PM.

36) PLAINTIFF ALLEGES THAT THIS PHONE CALL WAS TAKEN BY DEFENDANT CUMMINGS ON OCTOBER 20TH, 2021, IN WHICH CUMMINGS' CONTINUED HIS EFFORT TO GET PLAINTIFF TO QUIT, INFORMING PLAINTIFF THAT OLIVER KITCHEN AND BATH, LOCATED AT 502 S. COVE RD., RIDGELAND, SOUTH CAROLINA WAS LOOKING FOR A DRIVER TO DO DEDICATED RUNS BY RENTING THE TRUCK AND TRAILER, RUNNING TWO LOADS PER WEEK FROM MASTERBRAND CABINETS IN FERDINAND, INDIANA TO OLIVER KITCHEN AND BATH IN SOUTH CAROLINA, BUT CUMMINGS TOLD PLAINTIFF

**MCFADDEN # 148**

21 of 68

HE WAS NOT THE KIND OF DRIVER HE WAS LOOKING FOR AND TOLD PLAINTIFF TO GO HOME DURING THIS PHONE CALL THAT WEDNESDAY AROUND OR ABOUT 3:09 PM.

37) THE PLAINTIFF ALLEGES THAT IN REGARDS TO THE ABOVE OCTOBER 20TH, 2021, OLIVER KITCHEN AND BATH LOCATION, THERE WERE NO NEARBY TRUCK STOPS OR REST AREAS TO PARK TRACTOR-TRAILERS AT WHICH TIME DEFENDANT GRIDER AND CUMMINGS WITHHELD THE NEXT LOAD.

38) PLAINTIFF ALLEGES IN FURTHERANCE OF A CONSPIRACY, DEFENDANTS CUMMINGS AND OTHERS DID NOT ASSIST HIM WITH THE NEXT LOAD, AND THAT CUMMINGS WAS TRYING TO SHORTENED PLAINTIFF DRIVE TIME BY STALLING PLAINTIFF IN THIS AREA NEAR OLIVER KITCHEN AND BATH IN RIDGELAND, SOUTH CAROLINA BECAUSE THERE WERE NO NEARBY PARKING.

39) PLAINTIFF ALLEGES ON SEVERAL OCCASIONS HE SENT TEXT MASSAGES THROUGH THE DRIVER TECH AND COMPLAINED ABOUT THE DRIVER PERSONAL CONVEYANCE DRIVING MODE WAS BEING BLOCKED, BUT NO ONE IN SWIFT'S DISPATCH EVER ADDRESSED PLAINTIFF CONCERN.

40) TO PREVENT THE PLOT OF DEFENDANTS' TO STALL THE PLAINTIFF NEAR OLIVER KITCHEN AND BATH WITH NO REST AREAS OR TRUCK STOPS NEARBY FOR TRACTOR-TRAILER PARKING, PLAINTIFF CALLED MR. MARK ROBBINS' CELL PHONE AT 423-322-0861 AT 16:23 HRS AND COMPLAINED ABOUT NOT BEING ASSISTED WITH THE NEXT LOAD, AND AS A RESULT OF THAT CALL, A LOAD WAS TIMELY SENT.

41) PLAINTIFF ALLEGES THE DEFENDANTS' STATEMENT ON AUGUST 8TH, 2021, STATING THAT "PLAINTIFF INITIALLY REFUSED TO TRANSPORT TOUCH LOADS BACK-TO-BACK AND LATER REFUSED TO TRANSPORT TOUCH LOADS ENTIRELY DISQUALIFIED PLAINTIFF FROM THE MAJORITY OF SWIFTS DEDICATED LANES." IN THEIR EEOC POSITION STATEMENT IS A FABRICATED STATEMENT BY THE LOAD PLANNER EDDIE GRIDER TO DISQUALIFY HIM FOR DEDICATED LANES.

42) PLAINTIFF FURTHER ALLEGES THAT IN THIS AUGUST 8TH, 2021, POSITION STATEMENT BEFORE THE EEOC, DEFENDANTS SUGGESTED THAT OLIVER KITCHEN AND BATH IN RIDGELAND, SOUTH CAROLINA WAS ONE OF SWIFT'S DEDICATED LANES THAT INVOLVES THE TRANSPORTATION OF "TOUCH FREIGHT," WHICH REQUIRED THE DRIVER TO MANUALLY MOVE THE FREIGHT TO THE BACK OF THE TRAILER IS ALSO A FALSE STATEMENT.

**MCFADDEN # 149**

22 of 68

43) THAT THE DEFENDANTS INTENTIONALLY EVADED AND CONCEALED THE FACT THAT OLIVER KITCHEN AND BATH HAS ITS OWN LUMPER SERVICE. PLAINTIFF SUBMITS THAT HE AND OTHER DRIVERS EXCHANGED LOADED TRAILERS FOR THE EMPTY ONES; THAT OLIVER KITCHEN IN RIDGELAND, SOUTH CAROLINA DID NOT REQUIRE DRIVER UNLOADING BACK-TO-BACK.

44) THAT DEFENDANT GRIDER AND / OR SWIFT'S LOAD PLANNER FABRICATED THE DRIVER TECH MESSAGE "*****dirver wont do touch loads*****" ON OCTOBER 27TH, 2021, STATING PLAINTIFF ADVISED SWIFT ON OCTOBER 27TH, 2021, THAT HE WOULD NOT TRANSPORT TOUCH FREIGHT LOADS AT ALL ON PAGE NUMBER 5.

45) PLAINTIFF ALLEGES THAT GRIDER PASSED THESE LOADS AND OTHER SOUTHEASTERN LOADS OVER TO THE PREFERRED WHITE DRIVERS.

46) THAT PLAINTIFF DISCUSSED THE ISSUES ON THE PHONE WITH BOTH CUMMINGS AND LATER WITH AN EMPLOYEE WHO CONFIRMED THE DEDICATED RUN OPENING DURING THE CALL FROM THE OLIVER'S PHONE NUMBER 843-379-6060 TO PLAINTIFF'S PHONE AT 15:31 HRS.

47) ON THIS CALL AND 20TH DAY OF OCTOBER 2021, AN OLIVER EMPLOYEE INFORMED PLAINTIFF IT WOULD HAVE BEEN A DRIVER AND TRUCK RENTAL, AS DID CUMMINGS WITH PLAINTIFF .

48) IN FURTHERANCE OF A CONSPIRACY THAT ALSO INVOLVED CERTAIN SHIPPING AND RECEIVING INDIVIDUALS TO DAMAGE PLAINTIFF CAREER AS A TRUCK DRIVER, TO UNDERMINE PLAINTIFF'S WORK AS A TRUCK DRIVER, AND TO SABOTAGE THIS PARTICULAR LOAD ASSIGNMENT FOR MASTERBRAND CABINETS IN KINGTON, NORTH CAROLINA ON OR ABOUT NOVEMBER 23RD, 2021, DEFENDANT HENLEY, GRIDER AND CUMMINGS CONSPIRED WITH A BLACK FEMALE EMPLOYEE TO WITHHOLD THE CORRECT TRAILER AND OR LOAD INFORMATION.

49) THAT THE BLACK MASTERBRAND FEMALE EMPLOYEE IN RECEIVING [ WHOSE NAME IS UNKNOWN ] DELIBERATELY PLACED AN INCORRECT TRAILER # W98617 ON BOTH THE BILL OF LADEN AND ENVELOPE. ( **SEE ATTACHMENT A, ENVELOPE ALSO SHOWN ON PAGE 24 OF 62 OF THE 62 PAGE FAX DOCUMENT IN THE EEOC; AND ATTACHMENT B, BILL OF LADEN ALSO SHOWN ON PAGE 25 OF 33 OF PLAINTIFF'S REBUTTAL TO SWIFT'S POSITION STATEMENT IN THE EEOC. )**

50) THAT AROUND OR ABOUT NOON OF NOVEMBER 23RD, 2021, AFTER ARRIVING IN KINSTON, NORTH CAROLINA TO PICKUP LOAD # 1227587 AT MASTERBRAND CABINETS,

PLAINTIFF FORWARDED A DRIVER TECH MESSAGE FROM TRUCK # S7068 DRIVER TECH TO DEFENDANT HENLEY, ASKING HENLEY WHAT WAS THE CORRECT TRAILER NUMBER TO PICKUP, SINCE US XPRESS TRAILER NUMBER 202274 THAT SHOWED IN THE ORDER ON THE TRUCK'S COMPUTER COULD NOT BE LOCATED ON MASTER BRAND YARD.

51) THAT DEFENDANT HENLEY RESPONDED AND SAID THE LOAD COULD BE PUT IN ANOTHER TRAILER.

52) PLAINTIFF FURTHER ALLEGES HE CONTINUED TO LOOK FOR INFORMATION ON THE CORRECT TRAILER BY DISCUSSING THE ISSUE WITH SWIFT'S PICKUP INFORMATION WITH A BLACK FEMALE IN RECEIVING, BUT FOR NO REASON, SAID FEMALE GOT HOSTILE AND EXTREMELY IMPATIENT WITH PLAINTIFF AND DID NOT COOPERATE, STATING SHE COULD NOT GIVE THAT INFORMATION BECAUSE IT WAS A SECURITY CONCERN, ALTHOUGH PLAINTIFF RELAYED THE PICKUP NUMBER GIVEN TO HIM BY SWIFT.

53) THAT IN PLAINTIFF CONTINUED EFFORT TO LOCATE THE TRAILER, PLAINTIFF AGAIN SENT A MESSAGE IN THE LATE EVENING THROUGH TRUCK NUMBER S7068 DRIVER TECH, AND DEFENDANT CUMMINGS RESPONDED, STATING ONLY **"YOU ARE DISPATCHED" AND NOTHING MORE** AS TO THE CORRECT TRAILER NUMBER.

54) THAT DEFENDANT CUMMINGS COULD HAVE ASSISTED PLAINTIFF WITH INFORMATION ON THE CORRECT TRAILER OR INFORM PLAINTIFF THAT TRAILER NUMBER W98617 WAS NOT A US XPRESS TRAILER, BUT CUMMINGS HAD CHOSEN NOT TOO IN ORDER TO LATER ACCUSED PLAINTIFF AND HAVE REASON TO DISQUALIFY BY UNDERMINING HIS WORK.

55) THAT AS A RESULT OF NO ASSISTANCE FROM DEFENDANTS CUMMINGS, HENLEY, GRIDER OR ANYONE ELSE FROM SWIFT'S DISPATCH, PLAINTIFF DEPARTED WITH TRAILER NUMBER W98617 THAT IS SHOWN ON BOTH THE BILL OF LADING AND ENVELOPE.

56) THAT A MASTERBRAND EMPLOYEE HAD OBVIOUSLY WRITTEN W98617 AS A US XPRESS TRAILER .

57) THAT, HOWEVER, US XPRESS DID NOT ACTUALLY HAVE TRAILERS WITH NUMBERS THAT WERE FIVE DIGITS LONG DURING THIS JUNCTURE AT MASTERBRAND ON THIS 23RD DAY OF NOVEMBER 2021, THE FIVE DIGITS AS WRITTEN THEREON THE ATTACHMENTS A & B HERE TO THE COMPLAINT *MCFADDEN # 151* 24 of 68

58) THAT US XPRESS TRAILERS HAD SIX DIGITS, SUCH AS US XPRESS TRAILER NUMBER 830622, AS SHOWN IN ATTACHMENT C. ( **SEE ATTACHMENT C, PHOTOGRAPH OF US XPRESS TRAILER # 830622.** )

59) THAT ON NOVEMBER 24TH, 2021, PLAINTIFF GOT A PHONE CALL FROM DEFENDANT HENLEY ACCUSING HIM OF PICKING UP THE WRONG TRAILER.

60) THAT HENLEY IS OVERHEARD ON PLAINTIFF''S SPEAKER PHONE ACCUSING HIM OF PICKING UP THE WRONG TRAILER AND  INSTRUCTED PLAINTIFF TO EMAIL A COPY OF THE BILL OF LADING.

61) THAT A COPY OF THE BILL OF LADING EMAILED TO HENLEY SHOWS THE SAME W-98617 TRAILER NUMBER ERROR WRITTEN BY A MASTERBRAND EMPLOYEE.

62) THAT DESPITE THIS OBVIOUS ERROR ON THE  BILL OF LADING, DEFENDANT GRIDER WANTED TO TERMINATE PLAINTIFF.

63) THAT DEFENDANT GRIDER IMPLIED THAT THE  PLAINTIFF WAS TERMINATED WHEN HE INSTRUCTED PLAINTIFF TO TURN THE TRUCK AT A TENNESSEE TERMINAL, SENDING THE FOLLOWING  MESSAGE TO TRUCK #S7068, STATING:

"*** **NO NOT PREPLAN TRUCK MUST COME TO CLEVELAND, TENNESSEE*"** ( **SEE SWIFT'S POSITION STATEMENT AT PAGE 5 IN THE EEOC.**)

64) THAT PLAINTIFF FURTHER SUBMITS THAT WHEN HE TYPED AND ASKED GRIDER WHETHER GRIDER WAS TRYING TO SAY HE WAS FIRED, GRIDER DID NOT RESPOND.

65) THAT WHILE PLAINTIFF WAS ON THE SPEAKER PHONE WITH DEFENDANT HENLEY ON THIS 24TH DAY OF NOVEMBER 2021, A WITNESS OVER HEARD PLAINTIFF TELLING HENLEY THAT CUMMINGS WAS NOT HELPING PLAINTIFF LOCATE THE CORRECT TRAILER AT NORTH CAROLINA MASTERBRAND.

66) THAT SAID WITNESS ALSO HEARD PLAINTIFF TELLING HENLEY THAT THE MASTERBRAND YARD JOCKEY OR SOMEONE ONE FROM MASTERBRAND WAS TRYING TO CAUSE AN ACCIDENT BY SETTING THE LANDING GEAR ON THE TRAILERS SO HIGH AS TO CAUSE A HIGH HOOK IN AN EFFORT TO CAUSE THE TRAILER TO DUMP OR DROP TO THE GROUND IF THE LANDING GEAR IS NOT STRENUOUSLY LOWERED .

67) THAT SAID WITNESS FURTHER HEARD DEFENDANT HENLEY BEING DISMISSIVE OF PLAINTIFF'S VERBAL COMPLAINT ABOUT CUMMINGS AND THE YARD JOCKEY.

68) THAT DEFENDANT HENLEY WAS ALSO OVERHEARD INFORMING PLAINTIFF THAT HE KNEW HOME TIME WAS APPROVED, BUT WARNED PLAINTIFF THAT APPROVAL

DIDN'T MEAN ANYTHING TO HIM; THAT IT WAS HE WHO WILL TELL PLAINTIFF WHEN IT WAS TIME TO GO HOME.

69) THAT PLAINTIFF FURTHER ALLEGES ON DECEMBER 7TH, 2021, AFTER FORWARDING AN EMAIL / GRIEVANCE TO DEFENDANT JOSEPH SARDONE REGARDING YET ANOTHER WITHHELD LOAD IN AN AREA WITH LITTLE OR NO TRUCK STOPS OR REST AREAS FOR TRACTOR-TRAILER PARKING NEAR BOISE PAPER, 400 SEABROOK PARKWAY, POOLER, GEORGIA, THAT ACCUSED DEFENDANT HENLEY OF AN UNNECESSARY DELAY IN HENLEY'S EFFORT TO GET PLAINTIFF TO QUIT, DEFENDANT SARDONE CALLED PLAINTIFF SEVERAL DAYS LATER AND ADVISED PLAINTIFF HE WILL BE PAID FOR THIS PARTICULAR DELAY.

70) PLAINTIFF SUBMITS THAT THERE ARE LITTLE OR NO TRUCK STOPS OR REST AREAS NEAR THE BOISE PAPER MENTIONED ABOVE.

71) THAT AFTER PLAINTIFF HAD TRIED TO OBTAIN A LOAD FOR OVER (5) HOURS AT BOISE PAPER, A BLACK FEMALE / SECURITY GUARD GREW IMPATIENT WITH PLAINTIFF AND INFORMED PLAINTIFF THAT SWIFT'S DISPATCH WAS OBVIOUSLY PLAYING GAMES WITH HIM, PARTICULARLY FOR ORDERING A PICKUP OF A TRAILER THAT BELONGED TO ANOTHER TRUCKING COMPANY, IMPLYING PLAINTIFF WAS BEING MADE A FOOL OF, AND GIVING PLAINTIFF THE BILL OF LADING THAT BELONGED TO ANOTHER TRUCKING COMPANY AS PROOF THE LOAD DID NOT BELONGED TO SWIFT FOR PICKUP.

78) THAT, HOWEVER, DEFENDANT HENLEY KNOWINGLY AND WILLFULLY WITHHELD INFORMATION AND / OR ALLOWED PLAINTIFF TO STAY STALLED OR CAUSED A DELAY FOR PLAINTIFF TO RUN OUT OF TIME IN THIS AREA THAT HAS LITTLE OR NO TRACTOR-TRAILER PARKING..

79) PLAINTIFF ALSO ALLEGES THAT ON JANUARY 3RD, 2022, PURSUANT TO A CONSPIRACY TO DAMAGE PLAINTIFF'S CAREER AS A TRUCK DRIVER, TO HARASS PLAINTIFF, TO GET PLAINTIFF TO QUIT FOR A PREFERRED WHITE DRIVER, DEFENDANTS GRIDER AND HENLEY KNOWINGLY AND WILLFULLY WHILE IN DISGUISE ASSIGNED PLAINTIFF TO PICKUP A LOAD IN TRAILER NUMBER 003140, LOAD # 18744848 THAT THEY KNEW OR SHOULD HAVE KNOWN HAD AN AIR LEAK TO THE SWING MOUNT THAT SERVICE THE GLADHAND ON THE TRAILER FROM THE PREVIOUS DRIVER.

*MCFADDEN # 153 of 68*

26 of 68

80) THAT AFTER PLAINTIFF SPENT 1\2 DAY WAITING ON INSTRUCTIONS FROM DEFENDANTS HENLEY, GRIDER OR DISPATCH, PLAINTIFF WAS INSTRUCTED TO ONLY PULL THE TRAILER ACROSS THE HIGHWAY AND CHECK IT INTO THE NEARBY TERMINAL AND SHOP OF US XPRESS IN TUNNEL HILL, GEORGIA.

81) THAT DEFENDANTS HENLEY AND GRIDER KNOWINGLY AND WILLFULLY EVADED INFORMATION ABOUT THIS INCIDENT IN THEIR POSITION STATEMENT BEFORE THE TENNESSEE EEOC AND PROVIDED FALSE AND MISLEADING INFORMATION, STATING THAT THIS INCIDENT INVOLVED ORDER NO. 1813289, AND THAT THE TRAILER WAS AVAILABLE FOR PICKUP AT US XPRESS TERMINAL IN DUNCAN, SOUTH CAROLINA. **( SEE RESPONDENTS' EEOC RESPONSE AT NO. 25 ON PAGE 9. )**

82) THAT PLAINTIFF OBSERVED THE GROUND AROUND THE ABOVE MENTIONED TRAILER, SUCH AS THE GRAVEL AND SOIL AND STATE THAT IT DID NOT APPEAR TO NOT HAVE BEEN RECENTLY DROPPED BY A RECENT DRIVER. IN SHORT, THE TRAILER HAD BEEN SETTING THERE FOR SEVERAL DAYS, POSSIBLY FOR REPAIRS .

83) THAT THE CORRECT INFORMATION IS THAT THE ABOVE TRAILER WAS ORDER NO. 1874848, IN TRAILER NUMBER 003140, AND WAS LOCATED AT TUNNEL HILL, GEORGIA TERMINAL.

**RETALIATION FOR FILING GRIEVANCE REGARDING DIFFERENTIAL TREATMENT, CONSPIRACY INVOLVING DEFENDANTS, SHIPPERS AND RECEIVERS TO ULTIMATELY DAMAGE PLAINTIFF'S CAREER; AND FOR BEING AGAIN ASSIGNED LOADS IN THE ICY, SNOWY AND MOUNTAINOUS AREAS WITHOUT WORKING *** WINDSHIELD WASHERS ON TRUCK NO. S7068 *****

84) PLAINTIFF FURTHER ALLEGES THAT ON JANUARY 6TH, 2022, HE EMAILED A GRIEVANCE TO DEFENDANT SARDONE COMPLAINING ABOUT DIFFERENTIAL TREATMENT, CONSPIRACY INVOLVING THE SHIPPERS AND RECEIVERS, ALLEGATIONS AGAINST DEFENDANTS GRIDER AND HENLEY FOR SENDING PLAINTIFF BACK IN THE SNOW AND ICE WITHOUT THE TRUCK HAVING WORKING WINDSHIELD WASHERS. THAT COPIES OF THIS GRIEVANCE WERE ALSO EMAILED TO DEFENDANTS GRIDER, HENLEY AND SWIFT'S MAINTENANCE DIRECTOR DAVID BRUNSON. **( SEE FAX DOCUMENT BEFORE EEOC AT PAGES 27 THROUGH 32 OF 62 – THAT INCLUDES MESSAGE TO BRUNSON WITH ALSO A PICTURE OF SALT RESIDUE ON TRUCK'S WINDSHIELD, THAT WHICH SARDONE NEVER RESPONDED. )**

**MCFADDEN # 154** 27 of 68

85) THAT DESPITE THIS GRIEVANCE AND IN RETALIATION FOR FILING SAID GRIEVANCE, DEFENDANTS GRIDER AND HENLEY'S DELAYS HAD IN FACT GOTTEN WORST WHEN THEY KNOWINGLY AND WILLFULLY SENT PLAINTIFF BACK INTO THE ICY, SNOWY MOUNTAINS WITH KNOWLEDGE THAT THE TRUCK'S WINDSHIELD WASHERS WERE STILL NOT WORKING LESS THAN 30 DAYS LATER.

86) THAT DESPITE THE FACT THAT PLAINTIFF SIGNED UP FOR THE EASIER NON ICY AND SNOWY SOUTHEASTERN ROUTES ON US XPRESS' WEBSITE, DEFENDANTS GRIDER, HENLEY AND CUMMINGS CONCEALED THESE ROUTES FROM PLAINTIFF, AND UPON INFORMATION AND BELIEF, SUCH ROUTES WERE MOSTLY GIVEN TO THE PREFERRED WHITE DRIVERS.

87) **PLAINTIFF SUBMITS HE WAS SUPPOSED TO BE GIVEN SOUTHEASTERN ROUTES; THAT WHICH IS SUGGESTED IN DEFENDANT CUMMINGS' CLAIM THAT HE WAS LOOKING FOR A TRUCK SO PLAINTIFF COULD DO SOUTHEASTERN ROUTES;** THAT IS, DEFENDANT CUMMINGS' STATEMENT TO THE EEOC HE PLACED PLAINTIFF IN THE HOTEL [ THAT WAS NEAR THE CONFEDERATE FLAG AND CONFEDERATE GRAVEYARD ON OR ABOUT APRIL 15TH, 2021 ] WAS TO ASSIGN PLAINTIFF A TRUCK TO DO SOUTHEASTERN ROUTES.

88) **PLAINTIFF ALLEGES THAT THIS WAS ONLY HIS SECOND DAY ON THE JOB WHEN HE WAS TAKEN OF THE ROUTE BY DEFENDANT CUMMINGS.**

89) PLAINTIFF ALLEGES THAT THE ASSIGNED ICY, SNOWY, MOUNTAINOUS ROUTES WITHOUT WORKING WINDSHIELD WASHERS HAD GOTTEN WORSE AND IN FACT INSTILL FEAR IN PLAINTIFF.

90) THAT THESE ICY, SNOWY, MOUNTAINOUS ROUTE ASSIGNMENTS WITHOUT WORKING WINDSHIELD WASHERS ON THE TRCUK DID INSTILL SUCH FEAR IN PLAINTIFF THAT PLAINTIFF DID IN FACT STOP EMAILING OR COMPLAINING TO DEFENDANT SARDONE ABOUT SUCH ROUTES; THAT IS, DEFENDANTS' ACTIONS CAUSED A CHILLING EFFECT IN PLAINTIFF.

91) PLAINTIFF ALLEGES THAT SUCH DANGEROUS ICY ROUTES ARE FROM KINSTON, NORTH CAROLINA TO CARLISLE, PENNSYLVANIA, LOAD # 1869524; FROM CHATMAN, VIRGINIA TO ARCOLA, ILLINOIS, LOAD # 1945533; FROM INDIANAPOLIS, INDIANA TO FERDINAND, INDIANA, LOAD # 1909047; FROM HUNTINGBURG, INDIANA TO JACKSON,

*MCFADDEN # 155* 28 of 68 BM

GEORGIA, LOAD # 1919124; FROM LOUDEN, TENNESSEE TO ATHENS, TENNESSEE, LOAD # 1945681; FROM HUNTSVILLE, ALABAMA TO FERDINARD, INDIANA, LOAD # 1956565; FROM FAIRDALE, KENTUCKY TO CARLISLE, PENNSYLVANIA, LOAD #1735050; FROM FAIRDALE, KENTUCKY TO CARLISLE, PENNSYLVANIA, LOAD # 1962399; **AND FROM CARLISLE, PENNSYLVANIA TO PENNSAUKEN, NEW JERSEY THAT WAS CANCELED, LOAD # 1988611; THEN NEAR THE ACCIDENT AREA OF PHILADELPHIA, PENNSYLVANIA, LOAD # 2003933 THAT WAS CANCELED;** AND THEN THE LAST LOAD AFTER THE ACCIDENT FROM LEESPORT, PENNSYLVANIA TO ADVANCE, NORTH CAROLINA, **LOAD # 2001398.**

92) THAT IN FURTHERANCE OF A CONSPIRACY AND ON FEBRUARY 3RD, 2022, DEFENDANTS GRIDER AND HENLEY CONTINUED THEIR EFFORT TO INSTILL FEAR IN PLAINTIFF AND TO STALL PLAINTIFF IN PENNSAUKEN, NEW JERSEY AT THE PEPSI PLAINT; AT WHICH TIME, PLAINTIFF ATTEMPTED TO PICKUP ORDER # 1988611 IN INCLEMENT WEATHER WITH NO WORKING WINDSHIELD WASHERS.

93) THAT AT 12:46 PM PLAINTIFF ARRIVED AT SAID PEPSI PLAINT AND SENT A MESSAGE THROUGH THE TRUCK'S [ NO. S7068 ] DRIVER TECH AT 12:56 PM, INFORMING HENLEY THAT THE PICKUP NUMBER WAS INCORRECT ACCORDING TO SECURITY, AND HENLEY RESPONDED WITH ANOTHER NUMBER , STATING " TRY PU# 2205509 " AT 1:01 PM.

94) THAT BECAUSE OF THE ICY SHOWY WEATHER INCLUDED NEW JERSEY, ANOTHER MESSAGE CAME ACROSS THE DRIVER TECH AT 1:04 PM, STATING " EXTREME WINTER WEATHER ADVISORY STAY ALERT ..." THAT THE SWIFT DEFENDANTS GRIDER, HENLEY AND CUMMINGS SAW THIS WARNING, IGNORED IT.

95) THAT AT 1:11 PM PLAINTIFF AGAIN FORWARDED DEFENDANT HENLEY A MESSAGE THROUGH THE TRUCK'S DRIVER TECH, INFORMING HENLEY THAT THE SECURITY [ A HEAVY SET WHITE FEMALE ] OFFICER SAID PICKUP NUMBER 2205509 WAS NOT VALID.

96) THAT PLAINTIFF AGAIN WROTE ANOTHER MESSAGE INFORMING DEFENDANT HENLEY THAT HE WAS RUNNING OUT OF DRIVE TIME IN NEW JERSEY, AND ADDED THAT HE NEEDED TO FIND PARKING AT 1:16 PM ACCORDING TO THE TRUCK'S MESSAGES. THAT PLAINTIFF AGAIN WROTE TO DEFENDANT HENLEY, WRITING " PLEASE SEND THE CORRECT INFORMATION – ASAP. "

97) THAT PLAINTIFF ALSO WROTE AND INFORMED DISPATCH THAT A SECURITY GUARD INSTRUCTED PLAINTIFF TO LEAVE THEIR YARD BECAUSE HE HAD BEEN THERE

LONG ENOUGH TO SEND DISPATCH A MESSAGE, BUT A MS. LAURIE LUSSARY RESPONDED, WRITING AND TELLING PLAINTIFF TO "GET OUT OF THEIR WAY THEN!!!"

98) THAT ALTHOUGH PLAINTIFF WROTE HENLEY AND SWIFT'S DISPATCH FOR THE CORRECT INFORMATION TO PICKUP THE LOAD AT LEAST TWICE, AND DESPITE PLAINTIFF'S NEED TO FIND PARKING, NO CORRECT INFORMATION WAS EVER GIVEN AND PLAINTIFF WAS ORDERED TO LEAVE BY SECURITY WITHOUT A LOAD.

99) THAT DEFENDANT HENLEY IGNORED THE DRIVER TECH WEATHER WARNING ADVISORY, AND DIDN'T EVEN COMMENT ON THE PLAINTIFF'S CONCERN FOR PARKING.

100) PLAINTIFF FURTHER THAT BECAUSE THE DEFENDANTS SO OFTEN BLOCKED THE USE OF PERSONAL CONVEYANCE MODE ON THE TRUCK'S COMPUTER OR DRIVER TECH, PLAINTIFF CHECKED THE TRUCK'S DRIVER TECH TO SEE IF IT WOULD ALLOW HIM TO PUT HIMSELF IN PERSONAL CONVEYANCE IF HE GOT LOWER ON TIME, BUT DISCOVERED IT DIDN'T.

101) THAT DESPITE BEING LOW ON TIME AND IN INCLEMENT WEATHER, DEFENDANT HENLEY SIMPLY ORDERED PLAINTIFF TO PICKUP ANOTHER LOAD, AND ONLY AFTER PLAINTIFF DROVE AWAY FROM PEPSI TO FIND PARKING BECAUSE OF HIS LOW DRIVE TIME AND BECAUSE OF INCLEMENT WEATHER.

102) THAT DEFENDANTS HENLEY AND GRIDER ORDERED PICKUP NUMBER 21839 FOR LOAD # 2003933 AT 2:37 PM & 2:38 PM, THAT WHICH DEFENDANTS KNEW WOULD TAKE EVEN LONGER BECAUSE OF THE PLAINTIFF'S NEED FOR A TWIC CARD AND AN ESCORT AT TIOGA MARINE TERMINAL.

103) THAT THERE ARE LITTLE OR NO REST AREAS, TRUCK STOPS OR SIMILAR PLACES WITHIN A TEN-MILE RADIOUS TO PARK TRACTOR-TRAILERS NEAR PENNSAUKEN, NEW JERSEY.

104) THAT DEFENDANT HENLEY AND GRIDER ORDERED ANOTHER LOAD WITH KNOWLEDGE THAT THE TRUCK HAD NO WORKING WINDSHIELD WASHERS, THAT INCLEMENT WEATHER WAS IN THE NEW JERSEY AND PHILADELPHIA AREAS, AND THAT PLAINTIFF HAD VERY LITTLE DRIVE TIME LEFT TO GET A TWIC CARD, FIND AN ESCORT, AND GET LOADED WITH REDUCED SPEEDS ON THE NEARBY INTERSTATES.

105) THAT IN FURTHERANCE OF THE CONSPIRACY TO DAMAGE PLAINTIFF CAREER, TO SABOTAGE THE LOAD ASSIGNMENT, TO RETALIATE AGAINST PLAINTIFF FOR EMAILING SAID JANUARY 06TH, 2022, GRIEVANCE, DEFENDANTS HENLEY AND

*MCFADDEN # 157*

GRIDER KNOWINGLY AND WILLFULLY ASSIGNED SAID LOAD THAT REQUIRED A PICKUP BY 4PM AT THE TIOGA MARINE TERMINAL, LOCATED AT 3601 N. DELAWARE AVE., PHILADELPHIA, PENNSYLVANIA, THAT THEY KNEW OR SHOULD HAVE KNOWN COULD NOT BE ACCOMPLISHED WITH PLAINTIFF REMAINING DRIVE TIME.

106) THAT WHEN PLAINTIFF ARRIVED AT THE FRONT GATE AROUND OR ABOUT 4PM, A LARGE WHITE SECURITY GUARD AGGRESSIVELY INSTRUCT THE PLAINTIFF TO LEAVE THE TRUCK PARK IN THE DRIVEWAY AND WALK AROUND TO SHIPPING. WHEN PLAINTIFF REFUSED TO LEAVE THE TRUCK IN THE DRIVEWAY, A BRIEF OPPOSITION OCCURRED UNTIL AN AGREEMENT WAS REACHED THAT ALLOWED PLAINTIFF TO DRIVE THE TRUCK OUT OF THE DRIVEWAY AND AROUND THE RIGHT CORNER TO SHIPPING.

107) THAT WHILE INSIDE SHIPPING, PLAINTIFF ENCOUNTERED YOUNGER WHITE MALES AND PRESENTED THE LOAD INFORMATION AND PICKUP NUMBER. HOWEVER, SEVERAL OF THE SHIPPERS INFORMED PLAINTIFF THAT THEY DID NOT LOAD PASS 4:00 PM.

108) THAT WHEN PLAINTIFF INFORMED THE SHIPPERS HE WAS ABOUT OUT OF TIME AND ASKED TO STAY IN THEIR YARD, THE SHIPPER INFORMED HIM THAT COMPANY POLICY PROHIBITS OVERNIGHT PARKING.

**109) THAT THERE ARE LITTLE OR NO REST AREAS, TRUCK STOPS OR SIMILAR PLACES FOR TRACTOR-TRAILER PARKING WITHIN A (10) MILE RADIOUS NEAR TIOGA MARINE TERMINAL IN PHILADELPHIA, PENNSYLVANIA CONTRIBUTING TO THE FEBRUARY 3RD, 2022, ACCIDENT AS DISCUSSED LATER, BELOW.**

110) **FIRST,** PLAINTIFF ALLEGES **A TWO HOUR DELAY** IN THAT ON JANUARY 10TH, 2022, DEFENDANTS GRIDER, HENLEY, AND AN UNKNOWN WHITE US XPRESS DRIVER KNOWINGLY AND WILLFULLY WENT IN DISGUISE AND CONSPIRED IN THEIR EFFORT TO DAMAGE PLAINTIFF'S CAREER AS A TRUCK DRIVER, TO SABOTAGE PLAINTIFF'S LOAD ASSIGNMENT, AND TO UNDERMINE PLAINTIFF'S WORK AS A TRUCK DRIVER, PLAINTIFF BELIEVES AND EVIDENCE SUGGESTS THAT THE CONSPIRATORS HAD UNKNOWN US XPRESS DRIVER JOIN THEM AND REMOVED TRAILER NO. 610884 FROM THE US XPRESS TERMINAL IN DUNCAN, SOUTH CAROLINA SO SAID DRIVER COULD NOT BE SEEN LOOSENING THE VALVE STEM ON SAID TRAILER IN CONNECTION WITH LOAD NO. 1813289.  *MCFADDEN # 158*

31 of 68

111) THAT PRIOR TO THIS NEW LOAD ASSIGNMENT, DEFENDANT GRIDER AND HENLEY CANCELED A PREPLAN BY CALLING PLAINTIFF AT 12:53 AND DIRECTED PLAINTIFF TO PICK UP TRAILER NO. 610884, BUT WHEN PLAINTIFF ARRIVED FOR PICKUP IN DUNCAN, SOUTH CAROLINA, DEFENDANT HENLEY AGAIN CALLED AT 15:34, STATING ANOTHER DRIVER [ WHO IS UNKNOWN ] MISTAKENLY PICKED UP THE TRAILER, THINKING IT WAS EMPTY. HENLEY THEN INSTRUCTED THE PLAINTIFF TO PICKUP THE TRAILER AT THE NEARBY FLYING J TRUCK STOP.

112) THE WHEN PLAINTIFF ARRIVED AT FLYING J, HE SAW THE DRIVER KNEELING AND LEAVING THE BACK OF THE TRAILER, AND ALTHOUGH THE DRIVER CLAIMED HE COULD NOT SEE THE PALLET WHEN HE PICKED THE TRAILER UP, PLAINTIFF COULD CLEARLY SEE THE HALF FULL PALLET FROM WHERE HE AND THE DRIVER STOOD, WHICH WAS ON THE GROUND AT THE BACK OF THE TRAILER.

113) THAT THE PALLET WAS WAIST HIGH, CONSISTENT WITH THE SECOND HARVEST FOOD BANK'S DONOR RECEIPT, WHICH MADE DOCUMENTATION OF THE CONTENT ON THIS HALF-FULL PALLET.

114) THAT MR. MARCUS M., THE AUTHORIZING AGENT OF THE FOOD BANK, COUNTED 371 CASES OF CEREAL AND WROTE THE NUMBER AS 371 CASES OF CEREAL AS INDICATED ON THE DONOR RECEIPT.

115) THAT PLAINTIFF LATER LEARNED OF A LOOSENED STEM AFTER HE HAD SEVERAL ½ DAY BREAKDOWNS WITH FLAT TIRES ON THE VERY SAME TRAILER THAT THE UNKNOWN US XPRESS DRIVER CLAIMED HE MISTAKENLY PICKED UP. ( SEE EEOC **62 PAGE FAX DOCUMENT AT PAGES 36, 37, AND 38 – LOVES' TIRE CARE WORK ORDER OF ANTHONY ROSA CONFIRMING TO PLAINTIFF LOOSENED STEM, PHOTO OF TIRE SHOWING LOOSENED STEM, AND MISSING MUD FLAT AND BENT HANGER THAT WERE CAUSED BY THE FLAT TIRES. )**

116) **SECOND,** PLAINTIFF FURTHER ALLEGES THAT IN FURTHERANCE OF THE CONSPIRACY ON JANUARY 11TH, 2022, LOAD # 1865651, WITH THE SAME TRAILER NO. 610884, DEFENDANTS GRIDER, HENLEY AND AN UNKNOWN WHITE FORKLIFT DRIVER AND A WHITE FEMALE IN SHIPPING AT BIOLEIC [ AKA DISTRIBUTION TECHNOLOGY ], LOCATED AT 1701 CONTINENTAL BLVD., CHARLOTTE, NORTH CAROLINA DID OVERLOAD SAID TRAILER OR CAUSED SAID TRAILER TO BE OVER LOADED.

117) THAT UPON ARRIVING AT DISTRIBUTION TECHNOLOGY, PLAINTIFF FOUND IT ODD FOR A WHITE FEMALE NAMED L. PARKS IN SHIPPING TO INSTRUCT PLAINTIFF TO

COME AND STAND INSIDE TO COUNT PALLETS WHILE THE YOUNGER FORKLIFT DRIVER WAS LOADING THEM INTO THE TRAILER.

118) THAT PLAINTIFF DROVE **(100) WITHOUT PAY** AFTER LEAVING THE DISTRIBUTION TECHNOLOGY AND ARRIVING AT A LOVES TRUCK STOP APPROXIMATELY **50 MILES AWAY**, WHERE PLAINTIFF DISCOVERED THAT THE FOLK LIFT DRIVER HAD PLACED TOO MUCH WEIGHT IN A CERTAIN AREA ON THE TRAILER AS TO CAUSE THE TRUCK'S DRIVE AXLES TO BE OVERWEIGHT.

119) **THIRD,** PLAINTIFF ALLEGES THAT THE UNKNOWN YOUNGER WHITE FORKLIFT DRIVER HAD LOADED THE TRAILER IN SUCH A MANNER THAT THE AXLE WEIGHT COULD NOT BE CORRECTED BY SLIDING THE TANDEMS ON THE TRAILER FORWARD AS FAR AS THEY COULD GO, CAUSING PLAINTIFF **AN ADDITIONAL (2) HOURS DELAY WITH NO PAY.**

120) THAT PLAINTIFF SENT A MESSAGE ON THE TRUCK'S DRIVER TECH OR COMPUTER TO DEFENDANT HENLEY, INFORMING HENLEY OF THE INTENTIONAL OVERLOAD, BUT HENLEY WAS DISMISSIVE OF THE ALLEGATION AND THEN INSTRUCTED PLAINTIFF TO RETURN TO DISTRIBUTION TECHNOLOGY FOR RELOADING.

121) THAT **WHEN PLAINTIFF RETURNED TO BE RELOADED**, HE WAS AGAIN INSTRUCTED BY MS PARKS TO STAND INSIDE FOR LOADING, AS IF SHE JUST DIDN'T WANT PLAINTIFF TO SEE WHAT WAS GOING ON OUTSIDE.

122) THAT AFTER PLAINTIFF WAS LOADED, HE WAS GIVEN THE BILL OF LADING AND WHEN HE GOT OUTSIDE, PULLED THE TRACTOR TRAILER AWAY FROM THE DOOR, AND DID HIS WALK AROUND INSPECTION, HE NOTICED A SPECTATOR - A DRIVER FROM ANOTHER COMPANY SITTING IN HIS TRUCK TALKING ON HIS PHONE'S HEADSET WHILE LOOKING IN PLAINTIFF'S DIRECTION, WHICH PLAINTIFF LATER BELIEVE WAS TAMPERING WITH THE TRAILER AND RELAYING INFORMATION TO SOMEONE ABOUT HIM.

123) THAT PLAINTIFF LEFT DISTRIBUTION TECHNOLOGY AND PARKED AT A REST AREA ABOUT 30 MILES AWAY. WHEN PLAINTIFF DID HIS PRETRIP INSPECTION THE NEXT MORNING ON JANUARY 11TH, 2022, HE NOTICED THE DAMAGED TO THE MUDFLAP HANGER AND THE FIRST FLAT TIRE THAT WERE CAUSED AFTER LEAVING DISTRIBUTION TECHNOLOGY.

**MCFADDEN # 160**

33 of 68

124) THAT AFTER CALLING AND GETTING THE FIRST FLAT TIRE REPAIRED AT THE REST AREA, PLAINTIFF PROCEEDED TO THE NEXT TRUCK STOP TO HAVE THE MUD FLAT HANGER REPAIRED AT WHICH TIME HE LEARNED OF THE SECOND FLAT TIRE NEAR THE DAMAGED HANGER.

125) THAT PLAINTIFF WAS AT THE LOVE'S TRUCK STOP IN FAIRPLAY, SOUTH CAROLINA WHERE PLAINTIFF HAD THE TRAILER'S MUD FLAP HANGER REPAIRED AND THE VALVE STEM REPLACED.

126) PLAINTIFF FURTHER ALLEGES THAT UPON INFORMATION AND BELIEF OF AN EMPLOYEE OF LOVE'S INSPECTION AND REPAIR, THE INSIDE STEM WAS ODDLY LOOSENED THAT WERE THE DIRECT RESULTS OF PLAINTIFF FLAT TIRES.

127) **FOURTH**, THAT BETWEEN THE FIRST AND SECOND FLAT TIRES AND REPAIRS, INCLUDING THE REPAIR OF THE MUD FLAP, **PLAINTIFF AGAIN LOST ½ DAY DELAY WITH NO PAY.**

128) **FIFTH,** PLAINTIFF FURTHER ALLEGES THAT ON JANUARY 13TH, 2022, FOR LOAD NUMBER 1865651, TRAILER NO. 610844, IN AN EFFORT TO RETALIATE AND HARASS PLAINTIFF TO GET PLAINTIFF TO QUIT, DEFENDANTS GRIDER OR HENLEY OR SWIFT DISPATCH SENT A MESSAGE TO THE TRUCK'S DRIVER TECH MOMENTS BEFORE PLAINTIFF ARRIVED AT HIS DESTINATION IN DAYTON, TEXAS AND CHANGED TO DESTINATION LOCATION.

129) THAT SAID DEFENDANT INSTRUCTED PLAINTIFF TO DELIVER THE LOAD TO HOUSTON, TEXAS AT A WAREHOUSE WHERE PLAINTIFF WAS REQUIRED TO UNLOAD THE TRAILER BY HIMSELF IN THE TEXAS HOT HEAT, WITH TWO YOUNGER WHITE MALE WORKERS THAT HAD TO TOTE CABINETS APPROXIMATELY (4) YARDS INTO A STORAGE UNIT, CAUSING **ANOTHER ½ DAY DELAY WITH NO DETENTION PAY**.

130) THAT THIS SECOND LOCATION IN HOUSTON, TEXAS DID NOT HAVE A LOADING DOCK, AND THAT LARGE CABINETS HAD TO BE FIRST LOWERED TO THE GROUND BY THE TWO MALES YOUNGER THAT SLOWED THE UNLOADING PROCESS; THAT THESE MALES WERE YOUNGER THAN PLAINTIFF.

131) PLAINTIFF FURTHER ALLEGES THAT ON FEBRUARY 1ST, 2022, AROUND 14:00 HRS. AT THE MASTERBRAND CABINETS LOCATED ON 6403 NEW CUT ROAD IN FAIRDALE, KENTUCKY, DEFENDANTS HENLEY AND GRIDER AND ANOTHER UNKNOWN SWIFT EMPLOYEE KNOWINGLY AND WILLFULLY - **IN THEIR CONTINUED EFFORT TO DAMAGE PLAINTIFF'S CAREER AS A TRUCK DRIVER BY ASSIGNING AND URGING**

*MCFADDEN # 161* 34 of 68

PLAINTIFF TO TRANSPORT LOADED TRAILER NUMBER  830622 THAT WAS INVOLVED IN AN ACCIDENT BY A WHITE DRIVER, TO GET PLAINTIFF TO QUIT VIA HARASSMENT AND FOR ASSIGNMENT OF A PREFERRED WHITE DRIVER, AND TO RETALIATE AGAINST PLAINTIFF FOR FILING THE JANUARY 06TH, 2022, GRIEVANCE – ASSIGNED PLAINTIFF THE ABOVE WRECKED A DAMAGED TRAILER.

132) **SIXTH,** THAT ON FEBRUARY 01ST, 2022, PLAINTIFF MADE (3) PHONE CALLS AND SENT MESSAGES FROM TRUCK S7068'S COMPUTER IN HIS EFFORT TO REPORT THE DAMAGES ON THE ABOVE MENTIONED TRAILER ALLEGEDLY LEFT BY THE WHITE DRIVER, ACCORDING TO A MASTERBRAND YARD JOCKEY. **( SEE FAXED DOCUMENT IN THE TENNESSEE EEOC AT PAGE 48 OF  62 PAGES – PLAINTIFF'S PHONE LOG SHOWING MORE THAN 6 MINUTES TOTAL ON THE PHONE . )**

134) BUT HENLEY, CUMMINGS AND OTHER SWIFT DISPATCH INDIVIDUALS WERE DISMISSIVE OF THE ACCIDENT AND KEPT URGING PLAINTIFF TO DELIVER THE LOAD IN SAID WRECK TRAILER NO. 830622 , CLAIMING THE  DRIVER WAS A NEW DRIVER.

135) THAT ON FEBRUARY 01ST, 2022, PHOTOGRAPHS WERE TAKEN SHOWING THE DAMAGE TO TRAILER NO. 803622, SHOWING DAMAGES OR BENT LANDING GEAR ON SAID TRAILER, AND ALSO SHOWING A FLAT TIRE ON SAID TRAILER. **THAT PLAINTIFF AGAIN LOST MORE THAN (2) HOURS WITHOUT PAY.**

136)  THAT SAID PHOTOS OF THE WRECK TRAILER WERE ALSO SUBMITTED IN THE 62 PAGE FAX DOCUMENT BEFORE THE EEOC AT  PAGES 44, 45, 46, AND 47 OF 62.

137) THAT IT WAS A WHITE DRIVER THAT DROPPED TRAILER NUMBER 803622 ON THIS 1ST DAY OF FEBRUARY 2022 AT  THE  FAIRDALE, KENTUCKY MASTERBREAND FACILITY.

138) THAT ACCORDING TO PLAINTIFF'S PHONE LOGS PRESENTED BEFORE THE TENNESSEE'S EEOC, PLAINTIFF MADE THREE PHONE CALLS IN HIS EFFORT TO EXPLAIN TO SWIFT WHY HE AND THE YARD JOCKEY REFUSED TO MOVE THE WRACK TRAILER.

139) THAT HENLEY AND OTHERS AT SWIFT'S DISPATCH TOLD PLAINTIFF THAT IT WAS OKAY TO TRANSPORT THE WRACK TRAILER, AND WHEN PLAINTIFF IN FORMED THEM THAT THE BENT LANDING GEAR PREVENTED THE TRUCK FROM BACKING UNDER IT, THEY INSISTED THAT HE ASK THE YARD JOKEY FOR HELP.

MCFADDEN # 162
35 of 68
BMG

140) THAT PLAINTIFF PHONE LOGS SUBMITTED IN THE EEOC AT PAGE 48 0F 62 PAGES SHOW (3) PHONE CALLS WERE MADE: FIRST ONE MADE AT 2:24 PM, THE SECOND ONE MADE AT 2:49 PM, AND THE THIRD ONE MADE AT 2:50 PM.

141) THE PLAINTIFF FURTHER ALLEGES THAT HE SENT DRIVER TECH MESSAGES FROM THE TRUCK'S COMPUTER ON THIS TUESDAY, THE 1ST DAY OF FEBRUARY 2022, ALL IN AN EFFORT TO AVOID TRANSPORTING THE WRACK TRAILER.

## UNLAWFUL DISCHARGED AFTER PURSUING WORKERS' COMPENSATION AND FOR FILING GRIEVANCE, ALLEGED RUNNING A RED LIGHT, MAKING U-TURN, AND FAILURE TO YIELD TO HIT & RUN DRIVER USED AS PRETEXT; AND REPLACEMENT BY A WHITE DRIVER NAMED BRYAN CROWDER

142) PLAINTIFF FURTHER ALLEGES THAT AS A RESULT OF DEFENDANTS GRIDER AND HENLEY'S UNNECESSARY DELAY AND REASSIGNMENT OF THE UNNECESSARY LOAD # 2003933 THAT WAS ORDERED IN INCLEMENT WEATHER TO PICKUP IN PHILADELPHIA, PENNSYLVANIA AT TIOGA MARINE TERMINAL, PLAINTIFF COULD NOT FIND PARKING FOR THE TRACTOR-TRAILER.

143) THAT BECAUSE PLAINTIFF COULD NOT FIND PARKING AT OR NEAR THE TIOGA MARINE TERMINAL, PLAINTIFF LEFT SAID AREA AND TRAVELED THROUGH OR NEAR KING OF PRUSSIA IN PENNSYLVANIA ON HIGHWAY 202 SOUTH LOOKING FOR PARKING.

## DEFENDANT JOSEPH SARDONE'S TERMINATION IS WITHOUT FACTUAL BASES FROM LITTLE INVESTIGATIONS OF RUNNING RED LIGHT DID NOT ACTUALLY MOTIVATE THE TERMINATION FOR NO-FAULT HIT & RUN

144) THAT THE PLAINTIFF FURTHER ALLEGES THAT HE IS OF A PROTECTED CLASS, THAT HE WAS PERFORMING AT A LEVEL THAT MET SWIFT'S EXPECTATIONS, THAT HE WAS TERMINATED FOR MIXED MOTIVES, AND THAT SWIFT SOUGHT SOMEONE ELSE TO PERFORM THE SAME WORK.

145) THE PLAINTIFF FURTHER SUBMITS AND ALLEGES THAT SARDONE SPENT LITTLE TIME TO INVESTIGATE ACCIDENT OR SCENE. THAT THE ACCIDENT OCCURRED ON THURSDAY FEBRUARY 3RD, 2022, AND THAT ACCORDING TO SARDONE, DEFENDANT SARDONE CONTACTED PLAINTIFF BY PHONE ON FEBRUARY 07TH, 2022, AND ADVISED PLAINTIFF THAT PLAINTIFF WAS TERMINATED.

*MCFADDEN # 163*

36 of 68

146) THAT THIS 7TH DAY OF FEBRUARY 2022 SARDONE WAS OVERHEARD ON PLAINTIFF SPEAKER PHONE BY LEE E. LEWIS ASKING PLAINTFF WHETHER THERE WAS SOMETHING WRONG WITH THE TRAFFIC LIGHT, AND THAT SARDONE NEVER ONCE SAID PLAINTIFF WAS TERMINATED.

147) THAT SARDONE LATER WROTE A LETTER DATED FEBRUARY 17TH, 2022, STATING THAT PLAINTIFF WAS TERMINATED FOR ESSENTIALLY RUNNING A RED LIGHT, MAKING A U-TURN IN A COMBINATION VEHICLE, AND FAILING TO YIELD TO ON COMING TRAFFIC.

148) ADDITIONALLY, SAID TERMINATION LETTER STATED PLAINTIFF WAS TERMINATED **"AMONG OTHER THINGS"** AND FOR **"MISCONDUCT"**, BUT DID NOT LIST ANY FACTS TO SUPPORT "AMONG OTHER THINGS" AND FOR "MISCONDUCT".

149) THAT WHILE PLAINTIFF TRAVELED ON HIGHWAY 202 SOUTH AND BEFORE GETTING TO OR REACHING NORRISTOWN, PENNSYLVANIA'S WEST MAIN STREET EXIT, PLAINTIFF ENCOUNTERED [ AND TRUCK VIDEO SHOWS ] POSTED SPEED LIMIT SIGNS OF (45) MILES PER HOUR.

150) PLAINTIFF ALLEGES THAT **SWIFT DID NOT BELIEVE THAT PLAINTIFF WAS GUILTY OF THE HIT & RUN ACCIDENT,** AND THAT PRIOR TO TERMINATION, DEFENDANT SARDONE SAW THE TRUCK'S VIDEO, AND AT NO TIME DOES THE TRUCK'S VIDEO SHOW [ NOR DID PLAINTIFF SEE ] A SPEED LIMIT SIGN POSTING (25) MPH AS A POSTED SPEED LIMIT WHILE PLAINTIFF TRAVELED ON HIGHWAY 202 SOUTH AND BEFORE GETTING TO OR REACHING NORRISTOWN, PENNSYLVANIA'S WEST MAIN STREET EXIT.

151) THAT SARDONE SAW THE TRUCK VIDEO SHOWED WHILE PLAINTIFF TRAVELED ON HIGHWAY 202 SOUTH AND BEFORE GETTING TO OR REACHING NORRISTOWN, PENNSYLVANIA'S WEST MAIN STREET EXIT, PLAINTIFF ENCOUNTERED A DETOUR AND ROAD CLOSURE ON HIGHWAY 202 SOUTH WITH SIGNS THAT GAVE DIRECTIONS TO TURN EITHER LEFT OR RIGHT.

152) PLAINTIFF SUBMITS AND ALLEGES THAT THIS AREA OF PENNSYLVANIA HAS MOUNTAINS WITH NARROW SIDE ROADS AND TURNING OFF OF THE MAIN HIGHWAY 202 ONTO A SIDE ROAD WOULD NOT HAVE BEEN CONSIDERED IDEAL IN THIS WORK ZONE DETOUR WITH MOUNTAINS.

*MCFADDEN # 164*

37 of 68

153) THAT SARDONE FURTHER SAW THE TRUCK VIDEO SHOWED HIGHWAY 202 SOUTH IS A TWO LANE HIGHWAY WITH A MEDIAN DIVIDING THE OPPOSITE TWO LANE HWY, WHICH IS 202 NORTH.

154) THAT **SARDONE KNEW PENNSYLVANIA'S LAW [ STATUTE 75, SECTION 1028 ]** AND THAT THE PLAINTIFF WAS NOT GUILTY AND COULD NOT IMMEDIATELY STOP FOR THE SHORT YELLOW LIGHT WHEN SARDONE SAW THAT THE TRUCK'S VIDEO SHOWING PLAINTIFF TRAVELED IN THE RIGHT-HAND LANE, PASSED A VEHICLE IN THE LEFT-HAND LANE, AND MADE A LEFT LANE CHANGE IN FRONT OF THAT VEHICLE WHICH CLOSELY FOLLOWED THE TRUCK DRIVEN BY PLAINTIFF.

155) THAT DEFENDANT SARDONE KNEW THE PLAINTIFF WAS NOT GUILTY OF RECKLESS DRIVING WHEN HE SAW - AND THE TRUCK'S VIDEO SHOWS - THAT AS PLAINTIFF ENTERED THE INTERSECTION TO MAKE A LEFT-HAND TURN, THE TRAFFIC LIGHT CHANGED FROM GREEN TO YELLOW; THAT THE YELLOW LIGHT WAS SOME WHAT SHORT IN THAT IT DIDN'T LAST FOR MORE THAN (3) SECONDS IN THIS (45) MPH SPEED ZONE. **( SEE ALSO ATTACHMENT F, PLAINTIFF'S EEOC (33) PAGE REBUTTAL AT PAGES 27 & 28 OF 33 - PENNSYLVANIA'S DOT ENGINEERS CONFIRMING SPEED ZONE AT INTERSECTION WAS BASED ON (25) MPH, BUT TRUCK VIDEO SHOWS A POSTED SPEED LIMIT OF (45) MPH, AN EXPLANATION FOR THE SHORT YELLOW LIGHT SARDONE NOTICED. )**

156) THAT DEFENDANT SARDONE FURTHER SAW - AND THE TRUCK'S VIDEO SHOWS – THAT THERE WERE NO WHITE STOP BARS OR LINES AT THE INTERSECTION.

157) THAT THE DEFENDANT SARDONE ALSO SAW – AND THE TRUCK'S VIDEO ALSO SHOWS – THE NOSE OF THE TRUCK ENTERED THIS INTERSECTION AT THE VERY SAME TIME THE LIGHT TURNED RED.

158) PLAINTIFF ALLEGES THAT DEFENDANT SARDONE KNEW THAT PLAINTIFF DID NOT KNOWINGLY AND WILLFULLY RUN A RED LIGHT, KNEW THAT PLAINTIFF WAS NOT DRIVING IN A RECKLESS MANNER, KNEW THAT THERE WAS A SHORT YELLOW LIGHT, KNEW THAT THERE WERE NO STOP BARS OR WHITE LINES AT THE INTERSECTION TO DETERMINE WHETHER THERE WAS A RED LIGHT VIOLATION SIMILAR TO THE OFFICER'S CONDUCT IN <u>UNITED STATES VS. SANCHEZ</u>, 447 F. SUPP. 3RD. 1280 ( M.D. FLA. 2020 ) ( EVIDENCE SUPPRESSED IN CRIMINAL CASE WHERE IT WAS UNREASONABLE TO BELIEVE THAT SANCHEZ VIOLATED FLORIDA STATUTE SECTION 316.123 BY FAILING TO STOP AT A STOP BAR THAT WAS NOT ONLY WAS

*MCFADDEN # 165* 38 of 68 BW

NOT THERE, BUT THERE WAS NOTHING ABOUT THE INTERSECTION TO SUGGESTS IT WOULD BE THERE. ), BUT USED THIS INCIDENT TO TERMINATE PLAINTIFF BECAUSE  PLAINTIFF IS BLACK AND SWIFT AND THE DEFENDANTS PREFERRED A WHITE DRIVER, **CREATING A FALSE EMPLOYMENT HISTORY REPORT IN FURTHERANCE OF THE CONSPIRACY.**

### DEFENDANT SARDONE'S TERMINATION  WITHOUT AN HONEST BELIEF WITH LITTLE INVESTIGATION REGARDING U-TURN IN A COMBINATION VEHICLE ACCIDENT DID NOT ACTUALLY MOTIVATE THE TERMINATION

159) THAT THE DEFENDANT SARDONE KNEW THAT PLAINTIFF WAS NOT GUILTY WHEN HE SAW THAT THE TRUCK'S VIDEO SHOWED THE TRUCK MADE TWO LEFT TURNS: THE FIRST LEFT TURN WAS OFF HWY 202 SOUTH AND ONTO WEST MAIN STREET IN NORRISTOWN, PENNSYLVANIA; AND THEN OFF WEST MAIN STREET ONTO MARKLEY STREET.

160) THAT SARDONE KNEW THAT PLAINTIFF WAS NOT GUILTY WHEN HE SAW THE TRUCK'S VIDEO SHOWING THAT THE INTERSECTION IN QUESTION WAS AT LEAST (4) LANES WIDE AND LARGE ENOUGH TO MAKE TWO LEFT TURNS IN A COMBINATION VEHICLE.

161) THAT DEFENDANT SARDONE KNEW THAT PLAINTIFF WAS NOT GUILTY WHEN HE SAW THE TRUCK'S  VIDEO SHOWING THE TRACTOR-TRAILER'S  ANGLE FROM THE DRIVER'S SIDE VIEW  MIRROR; THAT WHEN PLAINTIFF MADE THE TWO LEFT TURNS, THE VIDEO SHOWS THE ANGLE OF THE TRUCK WAS NEVER PUT IN A 90 DEGREE POSITION AS SHOWN IN **ATTACHMENT D;** THAT THE TRUCK'S VIDEO SHOWS THAT THE TURNS THAT WERE MADE IN NORRISTOWN'S WEST MAIN INTERSECTION WERE MORE LIKE 45 DEGREES TURNS.  **( COMPARE AND SEE THAT A 90 DEGREE TURN IS MORE CONSISTENT WITH THE DIAGRAM SHOWING U-TURN IN ATTACHMENT D, BUT ATTACHMENT E IS CONSISTENT WITH THE TWO LEFT TURNS PLAINTIFF MADE IN THE VIDEO. )**

### DEFENDANT SARDONE'S TERMINATION WITH KNOWLEDGE OF PENNSYLVANIA LAW REQUIRING HIT& RUN DRIVER TO LOOK WAIT FOR INTERSECTION CLEARANCE EVEN  WITH A GREEN LIGHT

*MCFADDEN # 166* 39 of 68

162) THAT DEFENDANT SARDONE KNEW THAT THE PLAINTIFF WAS NOT GUILTY UNDER PENNSYLVANIA'S LAW THAT REQUIRED THE HIT & RUN DRIVER TO LOOK, EVEN WITH A GREEN LIGHT WITH WITHIN THE MEANING OF **PERPETUA VS. PHILA. TRANSPORTATION CO.,** 380 PA. 561 ( S.CT. 1955 ).

163) THAT DEFENDANT SARDONE KNEW THAT THE PLAINTIFF WAS NOT GUILTY OF RECKLESS DRIVING WHEN HE SAW THE TRUCK VIDEO SHOWED THE HIT AND RUN DRIVER DROVE IN A HIGH RATE OF SPEED TO RACE PAST THE TRUCK WHILE PLAINTIFF MUST WATCH THE LEFT SIDE OF THE TRACTOR-TRAILER IN COMPLETING THE SECOND LEFT TURN.

**TERMINATION FOR ACCIDENT IMPROBABLE WHERE HENLEY AND GRIDER'S ACTIONS SUGGESTED PLAINTIFF STILL HIRED (4) DAY AFTER ACCIDENT AND DEFENDANT SARDONE MORE THAN (14) DAYS**

164) PLAINTIFF FURTHER ALLEGES AND SUBMITS THAT THE DEFENDANTS DID NOT HONESTLY BELIEVE THAT HE WAS RESPONSIBLE FOR THE HIT & RUN ACCIDENT, OR WAS RECKLESSLY DRIVING, OR AMONG OTHER THINGS, MISCONDUCT BECAUSE ON THE FOLLOWING SATURDAY AFTER THE ACCIDENT, ON FEBRUARY 5TH, 2022, AT ABOUT 10:58 AM, PLAINTIFF'S MANAGER [ DEFENDANT HENLEY ] SENT A WRITTEN MESSAGE TO THE TRUCK'S DRIVER TECH OR COMPUTER AND INSTRUCTED THE PLAINTIFF TO TAKE A TRAILER HOME WITH HIM – WRITING " DO NOT BOBTAIL."

165) THAT DEFENDANT HENLEY'S STATEMENT DIRECTING PLAINTIFF TO TAKE A TRAILER HOME WITH HIM IS WRITTEN AS FOLLOWS, STATING:

**"ONCE U DELIVER IN NC, DO NOT BOBTAIL HOME. U MUST TAKE AN EMPTY TRL WITH U"**

166) ADDITIONALLY, PLAINTIFF ALLEGES AND SUBMITS DEFENDANTS DID NOT HONESTLY BELIEVE PLAINTIFF WAS RESPONSIBLE FOR THE HIT AND RUN ACCIDENT, OR WAS RECKLESSLY DRIVING, OR AMONG OTHER THINGS, MISCONDUCT WHERE DEFENDANT GRIDER ASSIGNED A LOAD FOR PLAINTIFF TO DELIVER THE FOLLOWING SUNDAY AFTER THE ACCIDENT ON FEBRUARY 06TH, 2022, LOAD NO. 1955797, TO DELIVER FROM COLUMBIA, SOUTH CAROLINA TO FLORENCE, SOUTH CAROLINA IN TRAILER NO. 611507. ( SEE ALSO (62) PAGE FAX DOCUMENT IN TENNESSEE'S EEOC AT PAGES 49 & 50 OF 62. )

MCFADDEN # 167  46 of 68

167) PLAINTIFF ALLEGES THAT EVEN AFTER HE INFORMED DEFENDANT GRIDER THAT HE HAD A HURT NECK AND SHOULDER AND NEEDED TO SEE A DOCTOR, **GRIDER WROTE BACK WITH WRITING IN A TONE OF DISBELIEF REGARDING PLAINTIFF'S INJURIES TO HIS NECK AND SHOULDER, URGING PLAINTIFF TO GET A DOCTOR'S PASS NOW, STATING: "DOCTOR NOW WHY, ASAP PLEASE."**

168) THAT PRIOR TO MESSAGING GRIDER, ANOTHER INDIVIDUAL NAMED **M. WEISS IN DISPATCHED ASKED PLAINTIFF WHEN WILL PLAINTIFF BE RETURNING BACK TO WORK, AND PLAINTIFF REPLIED, "NEED TO SEE A DOCTOR, HOPEFULLY THURSDAY."**

169) THAT NONE OF THE DEFENDANTS OR OTHER INDIVIDUALS IN SWIFT'S DISPATCH BELIEVED THAT PLAINTIFF WAS RESPONSIBLE FOR THE HIT & RUN ACCIDENT, OR WAS RECKLESSLY DRIVING, OR AMONG OTHER THINGS, GUILTY OF MISCONDUCT UNTIL PLAINTIFF PURSUED SWIFT'S WORKER'S COMPENSATION BENEFITS ON OR ABOUT FEBRUARY 18TH, 2022..

### DEFENDANTS HENLEY, SARDONE AND / OR SWIFT'S TERMINATION OF PLAINTIFF TO BE REPLACED BY WHITE DRIVER BRYAN CROWDER

170) PLAINTIFF FURTHER ALLEGES THAT ON MONDAY FEBRUARY 7TH, 2022, DEFENDANT HENLEY CALLED PLAINTIFF AT 12:41 PM AND INFORMED PLAINTIFF THAT HE COULD NOT DRIVE WHILE ON MEDICATION. THAT HENLEY INFORMED PLAINTIFF HE NEEDED TO CLEAN OUT THE TRUCK FOR A DRIVER TO PICKUP AND TAKE IT TO HAVE THE PLASTIC BUMPER REPAIRED.

171) THAT PLAINTIFF INFORMED HENLEY THAT THE TRUCK WILL BE CLEANED OUT AND FOR THE DRIVER TO CALL IN ADVANCE.

172) THAT AT NO WAS DEFENDANT HENLEY OVERHEARD ON PLAINTIFF'S SPEAKER PHONE TELLING PLAINTIFF THAT HE WAS TERMINATED.

173) THAT ON FEBRUARY 08TH, 2022, PLAINTIFF RECEIVED A PHONE CALL FROM A DRIVER BY THE NAME OF BRYAN CROWDER. THAT CROWDER LEFT A MESSAGE AT 9:43 PM, IDENTIFYING HIMSELF AS A SWIFT TRUCK DRIVER AND THAT HE WAS ABOUT (45) MINUTES AWAY IN A RENTAL AND NEEDED THE TRUCK KEY. PLAINTIFF RECEIVED THE CALL AROUND OR ABOUT 9:43 PM.

174) THAT PLAINTIFF AND HIS LADY FRIEND LISTENED TO THE MESSAGE, AND WHEN PLAINTIFF CALLED CROWDER BACK AND PLACED THE PHONE ON SPEAKER,

*MCFADDEN # 168* 41 of 68

CROWDER WAS OVERHEARD SAYING HE WAS THE NEW DRIVER AND NEEDED THE
TRUCK'S KEY. CROWDER ALSO WANTED TO KNOW WHETHER IT WOULD BE OKAY TO
LEAVE HIS CLOTHES AND OTHER PERSONAL PROPERTY IN THE TRUCK SO HE WOULD
NOT HAVE TO TAKE THEM TO THE AIRPORT AND RETURN WITH THEM IN AN UBER OR A
LYFT. THAT DRIVING THE RENTAL CAR TO THE AIRPORT WITHOUT THE CLOTHS
WOULD BE EASIER CROWDER SAID– ALL CLEARLY OVER HEARD BY PLAINTIFF'S
LADY FRIEND.

### RETALIATION FOR PURSUING SWIFT'S WORKER'S COMPENSATION DURING THE ADJUSTER'S APPROVAL PROCESS

175) PLAINTIFF FURTHER ALLEGES THAT HE NOTICED HIS US XPRESS APP STOPPED
WORKING ON OR ABOUT FEBRUARY 17TH, 2022. THAT WHEN PLAINTIFF CALLED  TO
ASK DEFENDANT HENLEY ON FEBRUARY 17TH, 2022, WHY HIS US XPRESS APP STOPPED
WORKING, AND TO ASKED WHO WAS OVER WORKER'S COMPENSATION PAY, LEAVING
HENLEY A MESSAGE WHEN NO ONE ANSWERED, DEFENDANT HENLEY RETURNED
PLAINTIFF'S PHONE CALL AND INSTRUCTED PLAINTIFF TO CALL DEFENDANT
SARDONE. PLAINTIFF CALLED AS INSTRUCTED AND, AT WHICH TIME LEFT A MESSAGE
WITH SARDONE.

176) THAT DEFENDANT RETURNED THE CALL THIS 17TH DAY OF FEBRUARY, AND IT
WAS ONLY AT THIS POINT IN TIME PLAINTIFF WAS INFORMED BY DEFENDANT
SARDONE THAT HE WAS TERMINATED FOR THE HIT AND RUN ACCIDENT.

177) THAT PLAINTIFF ALLEGES THAT PRIOR TO FEBRUARY 17TH, 2022, DEFENDANT
SARDONE NEVER ONCE INDICATED THAT HE WAS TERMINATING PLAINTIFF UNTIL
PLAINTIFF REQUESTED WORKER'S COMPENSATION PAY THIS 17TH DAY OF FEBRUARY
2022. **THAT THERE SUDDENLY AND REMARKABLY WAS A CHANGE IN SARDONE'S
EVALUATION OF THE ACCIDENT AFTER PLAINTIFF ASKED SARDONE WHO WAS
RESPONSIBLE FOR WORKER'S COMPENSATION PAY.**

178) THAT AFTER EXPLAINING TO DEFENDANT SARDONE DURING THIS CALL THAT
THERE WAS A SHORT YELLOW LIGHT AT THE (4) LANE INTERSECTION, THAT THERE
WAS ENOUGH ROOM TO MAKE TWO LEFT TURNS IN WHAT HE THOUGHT WAS A  U-
TURN, AND THAT THE HIT AND RUN DRIVER WAS REQUIRED TO LOOK AND WAIT FOR
THE INTERSECTION TO CLEAR, SARDONE BECAME VERY DISMISSIVE OF THESE

DEFENSES AND FALSELY ACCUSED PLAINTIFF FOR CAUSING THE HIT & RUN ACCIDENT.

179) THAT PLAINTIFF ALSO EMAILED A GRIEVANCE TO DEFENDANT SARDONE THEREAFTER FEBRUARY 17TH, 2022, BUT GOT ABSOLUTELY NO RESPONSE.

## JURY TRIAL DEMANDED & RELIEF SOUGHT

**WHEREFORE,** PLAINTIFF DEMANDS A JURY TRIAL TO SETTLE ANY DISPUTES THAT DEFENDANTS MAY HAVE, AS WELL AS ANY ISSUES THAT MAYBE DEVELOPED , IN THIS CASE AS OUTLINED BELOW:

**ISSUE # (1) RACIALLY MOTIVATED HARASSMENT:** WHETHER DEFENDANT CUMMING'S REASON FOR PLACING PLAINTIFF IN THE VILLA HOTEL ROOMS USED BY US XPRESS [ SWIFT'S PARENT COMPANY SUED AFTER SUPERVISOR CALL STOUDMIRE A **"NO GOOD NIGGER"** ] DURING PLAINTIFF'S SECOND DAY ON THE JOB WAS TO ASSIGNED PLAINTIFF A TRUCK TO DELIVER LOADS IN THE SOUTHEASTERN REGION OR WHETHER IT WAS RACIALLY MOTIVATED IN A JOINT EFFORT [ **THROUGH SWIFT'S ALL WHITE DISPATCH** ] TO INSTILL FEAR IN PLAINTIFF FROM THE **CONFEDERATE GRAVEYARD, CONFEDERATE FLAG AND EXPOSURE TO GAS** TO GET PLAINTIFF TO QUIT.

**ISSUE # (2) RETALIATION & HARASSMENT:** WHETHER SWIFT'S DISPATCH INTERFERED WITH PLAINTIFF'S WORK PERFORMANCE BY HARASSING AND DELAYING PLAINTIFF IN AREAS WITH LITTLE OR NO TRUCK STOPS OR REST AREAS FOR TRACTOR-TRAILER PARKING, BY ORDERING DELIVERIES IN THE NORTHWESTERN, ICY, SNOWY & MOUNTAINOUS AREAS WITHOUT WORKING WINDSHIELD WASHERS [ WHICH DID INSTILL FEAR ] AND BY REFUSING THE SOUTHEASTERN ROUTES DEFENDANT CUMMINGS CLAIMED HE WAS PREPARING PLAINTIFF FOR WHEN LOOKING FOR A SOUTHEASTERN TRUCK.

**ISSUE # (3) RETALIATORY DISCHARGE:** WHETHER SWIFT HONESTLY BELIEVED THAT PLAINTIFF WAS GUILTY OF RECKLESS DRIVING, RUNNING A RED LIGHT, MAKING A U-TURN IN A COMBINATION VEHICLE, AND FAILURE TO YIELD TO THE HIT & RUN DRIVER, WHERE (2) DAYS AFTER THE ACCIDENT, DEFENDANT HENLEY INSTRUCTED PLAINTIFF TO TAKE A TRAILER HOME WITH HIM TO USE AFTER RETURNING FROM DOING HIS HOME-TIME WHERE DEFENDANT CRIDER ASSIGNED PLAINTIFF LOAD #

MCFADDEN # 170

*Notice Error; it was the 18th (3 MZ)*

1955797 (4) DAYS AFTER THE ACCIDENT, AND SARDONE IS OVERHEARD ON PLAINTIFF SPEAKER PHONE NEVER MENTIONING PLAINTIFF WAS TERMINATED (5) DAYS LATER, AND ONLY WHEN PLAINTIFF GOT A RETURN CALL FROM SARDONE REGARDING PAY FOR WORKER'S COMPENSATION (14) DAY AFTER THE ACCIDENT ON FEBRUARY 17TH, 2022, IS WHEN PLAINTIFF LEARNED FROM SARDONE THAT HE WAS TERMINATED.

**ISSUE # (4) RETALIATION FOR EMAILING GRIEVANCE:** WHETHER DEFENDANTS RETALIATED AFTER THE JANUARY 06TH, 2022, GRIEVANCE WHERE PLAINTIFF WAS IMMEDIATELY SENT BACK INTO THE ICY, SNOWY AND MOUNTAINOUS AREAS WITHOUT WORKING WINDSHIELD WASHERS ON THE TRUCK; PLAINTIFF WAS SENT BACK INTO INCLEMENT WEATHER WITHIN (30) DAYS AFTER EMAILING SAID GRIEVANCES TO DEFENDANT HENLEY AND GRIDER. SOON THERE AFTER EMAILING SAID GRIEVANCES TO DEFENDANTS, DEFENDANTS SENT PLAINTIFF TO A DIFFERENT CITY WHERE HE EXPERIENCED EVEN LONGER DELAYS THAT WERE UNNECESSARY . THAT A JURY COULD VIEW THIS EVIDENCE AS NOT ONLY SCARY, BUT ALSO OUT RIGHT DANGEROUS, WHICH ALLEGEDLY CAUSING A CHILLING EFFECT.

**ISSUE # 5 CONSPIRACY TO DAMAGE PLAINTIFF'S CAREER :** WHETHER DEFENDANTS' ACTIONS WERE A PLAN DESIGNED TO CREATE A NEGATIVE EMPLOYMENT HISTORY REPORT TO DAMAGE PLAINTIFF'S CAREER WITH OTHER EMPLOYERS, WHERE SWIFT EMPLOYMENT HISTORY OF PLAINTIFF REPORTED PLAINTIFF WAS TERMINATED FOR RECKLESS DRIVING, MISCONDUCT, AND AMONG OTHER THINGS, RUNNING A RED LIGHT, MAKING A U-TURN IN A COMBINATION VEHICLE, AND FAILURE TO YIELD TO ONCOMING TRAFFIC THAT SWIFT KNEW OR SHOULD HAVE KNOWN WAS FALSE – PARTICULARLY SINCE ACCIDENT INVOLVED A HIT AND RUN DRIVER.

**ISSUE # 6 PLAINTIFF'S REPLACEMENT BY A WHITE DRIVER :** WHETHER PLAINTIFF WAS SUBJECTED TO AN ADVERSE EMPLOYMENT ACTION WHEN AFTER PLAINTIFF MESSAGED DEFENDANTS ON FEBRUARY 7TH, 2022, AND ADVISED HE WILL RETURN TO WORK ON THURSDAY, FEBRUARY 10TH, 2022, SWIFT REPLACED PLAINTIFF WITH A PREFERRED WHITE DRIVER IN A PREDOMINANTLY WHITE TRUCKING COMPANY . ALTHOUGH PLAINTIFF WAS A QUALIFIED TRUCK DRIVER.

* * * * * **RELIEF SOUGHT** * * * * *

MCFADDEN # 171

PLAINTIFF ALSO SEEKS MONETARY DAMAGES OF $1,100.00 IN ACTUAL DAMAGES, AN UNDETERMINED AMOUNT OF DAMAGES FOR LOST WAGES, $1,500,00.00 IN PUNITIVE DAMAGES, AN UNDETERMINED AMOUNT FOR ATTORNEY FEES, AND AN UNDETERMINED AMOUNT FOR COST ASSOCIATED WITH PROSECUTING THIS CASE, INCLUDING FILING FEES.

**\* \* \* \* \* DECLARATION UNDER PENALTY OF PERJURY \* \* \* \* \***

**THAT I, BERNARD MCFADDEN, DO HEREBY DECLARE UNDER PENALTY OF PERJURY THIS _09th_ DAY OF _March_, 2022 THAT THE FOREGOING IS TRUE AND CORRECT.** S/

**BERNARD MCFADDEN**

**RESPECTFULLY SUBMITTED,**

S/

BERNARD MCFADDEN
2016 DRIFTWOOD DRIVE
COLUMBIA, SOUTH CAROLINA
PRO-SE LITIGANT

EMAIL:
BERNARDMC17@YAHOO.COM
PHONE NUMBER: (803) 201-9477

MCFADDEN # 172
45 of 68





≡+

Add to album

⬇

Move to Archive

Delete from device

Tue, Feb 1, 2022 • 2:58 PM

Add description...

Location





MCFADDEN # 176

H 44 of 62 A

46 of 68

Attachment C





129 - New FreeForm    8:45 PM

**FRM: JWALLACE**
**CAN U STILL GET IT?**

11 - Phone Message    8:37 PM

Free-Form Message    8:25 PM

I HAVE ARRIVED AT SHIPPER

129 - New FreeForm    6:05 PM

**FRM: JWALLACE**
**FLT MSG:PHONES DOWN TIL 6 AM,MON.US...**

135 - Fuel Stop Solution    2:31 PM

** FUEL PURCHASE **  PRO#: 1945681
LOVES TRAVEL ST 175  GAL: 60

MCFADDEN # 178
48 of 68

90 Degree

MCFADDEN # 179

Attachment D
49 of 68

p. 33 of 33

45 Degree

MCFADDEN # 180

Attachment E
50 of 68 BW

C

Bernard McFadden          EEOC    Case # 494-2022-01907

4/29/22

**Submissions are not monitored outside of normal business hours, which are Monday - Friday, 8 a.m. to 4:30 p.m.**

**For life-threatening emergencies, call 9-1-1. For urgent issues, call the associated** <u>PennDOT County Office</u>**.**

Harassment, profanity, and/or threats of violence will not be tolerated. Abusive submissions will not be acknowledged or responded to by Department personnel and may be reported to law enforcement.

To: Marlene Damerson:

No Investigation On Traffic Signal *

New Concerns

I submit this document to show HR Mr. Sardone never investigated the short traffick (yellow light) signal before terminating me. Truck video will show posted speed limit was (45) MPH, but Pennsylvania Dot says yellow light was based on (25) MPH speed zone. In other words, Pennsylvania never changed the posted (45) MPH speed zone to (25) shown on truck video.

Submit New Concern

Existing Concerns

### Reference Number

20220417-cdk9kp

Concern 20220417-cdk9kp has a status of 'Closed'

Search

MCFADDEN # 181    Attachment F
51 of 68 BMc    FR 2

### Resolution

This intersection is in a temporary condition as part of the Department's S.R. 3020-510 project. Typically 45 mph approaches do require a 4 second yellow interval, but this approach does not have a through movement so only the left turn movement was analyzed. Left turn movement clearances are designed with an assumed speed of 25 mph, which results in the 3 second yellow time. The clearance times are based

off of the through movements unless there are dual lefts or the left turn
movement is the primary movement of the approach. So the 3 second
yellow time for West Main street is designed off the 25 mph distance
across Markley and not the turn phase onto 202. Thank you for your
concern.

MCFADDEN # 182

Attachment F

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

Nashville Area Office
220 Athens Way, Suite 350
Nashville, TN 37228
(629) 236-2240
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 10/26/2022

**To:** Mr. Bernard Mcfadden
2016 Driftwood Drive
COLUMBIA, SC 29210

Charge No: 494-2022-01907

EEOC Representative and email:    Gary Wright
Investigator
Gary.Wright@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 494-2022-01907.

On behalf of the Commission,

Digitally Signed By:Edmond Sims
10/26/2022
Edmond Sims
Acting District Director

**CC:**
Robert Wheeler
Patrick, Beard, Schulman & Jacoway, P.C.
537 MARKET ST STE 300
Chattanooga, TN 37402

Gary Patrick
Patrick, Beard, Schulman & Jacoway, P.C.
537 MARKET ST STE 300
Chattanooga, TN 37402

Please retain this notice for your records.

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 01/22/2013 07:31
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : U63274F7J446580


        DATE,TIME              01/22  07:29
        FAX NO./NAME           916157362107
        DURATION               00:01:43
        PAGE(S)                11
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

Tennesse 3

MCFADDEN # 96

55 of 68

```
TIME  : 01/22/2013 07:27
NAME  :
FAX   :
TEL   :
SER.# : U63274F7J446580
```

```
DATE,TIME             01/22  07:26
FAX NO./NAME          916157362107
DURATION              00:01:49
PAGE(S)               11
RESULT                OK
MODE                  STANDARD
                      ECM
```

Tennessee ʔ

MCFADDEN # 97
56 of 68

```
TRANSMISSION VERIFICATION REPORT

                                    TIME  : 01/22/2013 07:24
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : U63274F7J446580


DATE,TIME              01/22  07:21
FAX NO./NAME           916157362107
DURATION               00:02:22
PAGE(S)                12
RESULT                 OK
MODE                   STANDARD
                       ECM
```

Tennessee

\

MCFADDEN # 98
5ᵗ of 68

```
TRANSMISSION VERIFICATION REPORT
```

```
TIME  : 01/22/2013 07:19
NAME  :
FAX   :
TEL   :
SER.# : U63274F7J446580
```

```
DATE,TIME              01/22  07:18
FAX NO./NAME           912028272349
DURATION               00:00:48
PAGE(S)                04
RESULT                 OK
MODE                   STANDARD
                       ECM
```

3

washington

MCFADDEN # 99
58 of 68

TRANSMISSION VERIFICATION REPORT

TIME : 01/22/2013 07:17
NAME :
FAX :
TEL :
SER.# : U63274F7J446580

| DATE,TIME | 01/22 07:14 |
| FAX NO./NAME | 912028272349 |
| DURATION | 00:02:32 |
| PAGE(S) | 13 |
| RESULT | OK |
| MODE | STANDARD |
| | ECM |

Washingto

MCFADDEN # 100
59 of 68

```
                                    TIME  : 01/22/2013 07:12
                                    NAME  :
                                    FAX   :
                                    TEL   :
                                    SER.# : U63274F7J446580
```

```
        DATE,TIME               01/22  07:09
        FAX NO./NAME            912028272349
        DURATION               00:02:53
        PAGE(S)                17
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

Washington

MCFADDEN #101

60 of 68

**EEOC CHARGE US XPRESS / SWIFT ENTERPRISES** */Case # 494-2022-01907*

AFTER SOME HESITATION I WAS HIRED AS A TRUCK DRIVER BY A
PREDOMINANTLY WHITE TRUCKING COMPANY NAMED SWIFT ENTERPRISES,
OPERATED BY US XPRESS, THAT HAS AN ALL-WHITE DISPATCH ( MR. BARRY
CUMMINGS, MR. DWIGHT HENLEY, MR. EDDIE GRIDER AND MR. M. WEISS2 ).
ON APRIL 8TH, 2021, IN AN EFFORT TO INSTILL FEAR IN ME AND GET ME TO
QUIT, ON MY SECOND DAY ON THE JOB ON APRIL 15, 2021, I WAS TAKENOFF A
ROUTE AND ASSIGNED TO STAY THE WEEKEND AT THE VILLA HOTEL IN
RINGGOLD, GA., USED FOR HOUSING US XPRESS / SWIFT DRIVERS. THE
HOTEL HAD LITTLE OR NO OTHER RESIDENTS, EXCEPT FOR ONE OTHER
WHITE DRIVER THAT WAS HOUSED IN ROOM # 123. I WAS ASSIGNED ROOM #
124 ON THE BACKSIDE WHICH HAS A GRAVEYARD WITH A CONFEDERATE
FLAG ON A POLE FLYING HIGH. BECAUSE I'M BLACK AND PURSUANT TO A
CONSPIRACY TO GET ME TO QUIT TO HIRE ANY WHITE DRIVER, I WAS
DISCHARGED ON FEBRUARY 07TH, 2022, AFTER NUMEROUS INCIDENTS
DESIGNED TO HARASS VIA CONCEALING LOAD ASSIGNMENT INFORMATION
TO CAUSE DELAYS, TO SABOTAGE TO LOAD ASSIGNMENT AND PREVENT ME
FROM DOING MY JOB, TO PREVENT ME FROM FINDING PARKING OF A
TRACTOR-TRAILER IN AREAS WITH LITTLE OR NO TRUCK STOPS OR
REST AREAS, TO RETALIATE FOR EMAILING A GRIEVANCE TO JOSEPH
SARDONE ON JANUARY 06TH, 2022, COMPLAINING ABOUT DIFFERENTIAL
TREATMENT. AND AFTER BEING INJURED IN A NO-FAULT HIT AND RUN, I WAS
FURTHER RETALIATED AGAINST FOR PURSUING WORKER'S COMPENSATION
AND FALSELY ACCUSED OF CAUSING THE ACCIDENT. THEN AS PREFERRED, I
WAS ORDERED TO TURN THE TRUCK OVER TO A WHITE TRUCK DRIVER BY
THE NAME OF BRYAN CROWDER, WHOSE PHONE # IS 843-945-0447. I BELIEVE
THAT I WAS DISCRIMINATED AGAINST AND RETALIATED AGAINST, HARASSED,
AND UNLAWFULLY DISCHARGED PURSUANT TO A CONSPIRACY IN VIOLATION
OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 42 USC SEC. 2000 e-2(a)(1)
& (2), 42 USC SEC. 1983 AND 1985(3), TENN. CODE 50-1-801 (2014) AND IN VIEW
OF **LOVELACE VS. NORTH AMERICA, 252 F. APPX. 33, 40 (6TH CIR. 2007)
( ALLEGED HARASSMENT MUST BE EVALUATED BASED ON THE TOTALITY OF
THE CIRCUMSTANCES ..., AND WHETHER IT UNREASONABLY INTERFERES
WITH AN EMPLOYEE'S WORK PERFORMANCE ) WHEN:**

*Case # 494-2022-01907*

    **1)** ON APRIL 16TH, 2021, ON MY SECOND DAY ON THE JOB, BARRY
CUMMINGS TOOK AN EFFORT TO GET ME TO QUIT WHEN HE ASSIGNED TRUCK
# S7066 TO ME WHEN HE KNEW OR SHOULD HAVE KNOWN THE CHECK ENGINE
LIGHT WOULD COME ON FROM THE PREVIOUS DRIVER, TOOK ME OFF THE
ROUTE AND ASSIGNED ME TO THE VILLA HOTEL FOR THE WEEKEND WHEN
TRUCK # S7022 WAS READILY AVAILABLE, THE VILLA AN ISOLATED HOTEL
USED BY US XPRESS SWIFT ENTERPRISES TO HOUSED ITS DRIVER, SHOWING
ME THE CONFEDERATE FLAG AND A GRAVEYARD WHERE I WAS EVENTUALLY

**MCFADDEN # 102**

*61 of 68*
*P. 1 of 12*



ASSIGNED ROOM # 124 THAT HAD A GAS LEAK, CAUSING NAUSEA AND A HEADACHE THAT WAS IGNORED ON THE PHONE BY CUMMINGS. ( **SEE ATTACHMENT A, PICTURES OF THE ROOM, THE CONFEDERATE FLAG, THE GRAVEYARD, AND OTHER DRIVER CONFIRMING THE SMELL OF A GAS LEAK IN MY ROOM, AND THE GAS METER NEAR ROOM # 124.** ) *To: Marlene Damerson*

**2)** ON OCTOBER 20TH, 2021, IN CUMMINGS' CONTINUED EFFORT TO GET ME TO QUIT HE INFORMED ME THAT OLIVER KITCHEN AND BATH LOCATED AT 502 S. BROWNS COVE RD., RIDGELAND, SC, PHONE # 843-379-6060, WAS LOOKING FOR A DRIVER TO DO A DEDICATED RUN, TWO LOADS PER WEEK FROM MASTERBRAND CABINETS FROM FERDINAND, INDIANA TO OLIVER KITCHEN AND BATH, **BUT I WASN'T THE KIND OF DRIVER HE WAS LOOKING FOR AND TOLD ME TO GO HOME.** MR. CUMMINGS AGAIN WITHHELD THE NEXT LOAD IN AN AREA WITH LITTLE OR NO TRUCK STOPS / REST AREAS FOR PARKING A TRACTOR-TRAILER, AND WHEN I CALLED MR. MARK ROBBINS' CELL AT 423-322-0861 AT 16:23 HRS. AND COMPLAINED ABOUT BEING PREVENTED FROM THE NEXT LOAD, SOON AFTER I WAS ASSIGNED ANOTHER LOAD. THE NEED FOR A DRIVER ON THE BETTER DEDICATED RUN LOADS WAS CONFIRMED BY A WHITE FEMALE DURING A PHONE CALL AT 15:31 HRS. FROM THE 843-379-6060 NUMBER. ( **SEE ATTACHMENT B, PHONE LOGS SHOWING TIME SPENT TALKING TO MR. CUMMINGS, MR. ROBBINS AND AN UNKNOWN FEMALE CONFIRMING A DRIVER NEEDED.** ) *Case # 494-2022-01907*

**3)** ON OR ABOUT NOVEMBER 24TH, 2021, AFTER I GOT A PHONE CALL FROM MR. HENLEY FALSELY ACCUSING ME ( OVERHEARD BY A WITNESS ON THE SPEAKERPHONE ) OF PICKING UP THE WRONG TRAILER FROM MASTERBRAND AT 651 COLLIER-LOFTIN RD., KINSTON, NC, I EMAILED HIM THE BILL OF LADING AT 16:43 HRS. SHOWING PROOF THAT IT WAS THE CORRECT TRAILER, AND AFTER I INFORMED MR. HENLEY MR. CUMMINGS WAS TRYING TO SABOTAGE THE LOAD ASSIGNMENT BY REFUSING TO GIVE ME THE CORRECT TRAILER # WHEN I REQUESTED WHICH TRAILER ON THE TRUCK COMPUTER ON OR ABOUT NOVEMBER 23RD, 2021, AND THAT EACH TIME I WENT OUT TO PICK UP OTHER TRAILERS, SOMEONE WOULD HAVE THE TRAILERS SET SO I COULD ACCIDENTALLY DUMP THE TRAILERS, MR. HENLEY WAS DISMISSIVE OF MY CONCERNS AND DID NOT DISCIPLINE MR. CUMMINGS. ( **SEE ATTACHMENT C, SHOWING INCORRECT TRAILER # W98617 INTENTIONALLY PLACED ALSO ON BILL OF LADING THAT DOESN'T EVEN MATCH US XPRESS TRAILERS, BUT I STILL GOT THE CORRECT TRAILER AND / OR LOAD.** )

**4)** ON OR ABOUT DECEMBER 7TH, 2021, AFTER FORWARDING AN EMAIL / GRIEVANCE TO JOSEPH SARDONE REGARDING YET ANOTHER WITHHELD LOAD IN AN AREA WITH LITTLE OR NO TRUCK STOPS OR REST AREAS FOR TRACTOR-TRAILER PARKING AT BOISE PAPER, 400 SEABROOK PARKWAY, POOLER, GA., CAUSED BY MR. HENLEY IN HIS EFFORT TO GET ME TO QUIT, MR.SARDONE CALLED ME AND ASSURED ME THAT I WILL BE PAID FOR THE

*MCFADDEN # 103*
*8 of 68*
*2 of 68*

DELAY. HOWEVER, THE HARASSMENT GOT EVEN WORST AFTER FILING SAID GRIEVANCE. ( **SEE ATTACHMENT D, BILL OF LADING # JK804861 FOR A DIFFERENT TRUCKING COMPANY GIVEN TO ME BY A BLACK FEMALE AFTER I GAVE HER THE INFORMATION MR. HENLEY GAVE TO ME, SUGGESTING THAT IT WAS INTENTIONAL TO CAUSE A DELAY.** )  *TO: Marlene Damerson*

**5)** AGAIN, ON OR ABOUT JANUARY 3RD, 2022, IN MR. HENLEY'S CONTINUED EFFORT TO HARASS ME, TO GET ME TO QUIT FOR A WHITE DRIVER, AND TO RETALIATE AGAINST ME FOR FILING THE FIRST GRIEVANCE PURSUANT TO A CONSPIRACY, MR. HENLEY ASSIGNED ME A LOAD TO PICK UP AT A US XPRESS TERMINAL IN TUNNEL HILL, GEORGIA, LOAD # 1874848 THAT WAS IN A DEFECTIVE TRAILER # 003140 FOR WHICH HENLEY KNEW OR SHOULD HAVE KNOWN HAD A DEFECTIVE GLAD HAND FROM THE PREVIOUS DRIVER, CAUSING ME TO LOSE 1/2 DAY OF NO MILES OR NO PAY WHEN ANOTHER LOAD COULD HAVE BEEN EASILY ASSIGNED AT OR NEAR THIS TERMINAL. ( **SEE WORK ORDER IN SHOP'S POSSESSION OF TRAILER # 1874848 AT SAID TERMINAL WHERE I CHECK THE TRAILER IN.** )

**6)** AFTER EMAILING A GRIEVANCE TO MR. SARDONE AT 10:42 HRS. ON JANUARY 6TH, 2022, ABOUT MR. EDDIE GRIDER AND DWIGHT HENLEY SENDING ME IN THE SNOW WITHOUT HAVING PROPERLY WORKING WINDSHIELD WASHERS ON THE TRUCK TO DE-ICE THE WINDSHIELD, AND FOR DIFFERENTIAL TREATMENT, NUMEROUS INCIDENTS FOLLOWED THEREAFTER DESIGNED TO SABOTAGE THE LOAD ASSINMENT, TO HARASS AND RETALIATE AGAINST ME, ALL IN AN EFFORT TO GET ME TO QUIT AND TO ASSIGNED A PREFERRED WHITE DRIVER. ( **SEE ATTACHMENT E, GRIEVANCES EMAILED TO SARDONE, GRIDER, MR. DAVID BRUNSON AND HENLEY, THAT WHICH SARDONE NEVER RESPONDED.** )

**7)** ON JANUARY 10TH, 2022, LOAD # 1813289, TRAILER # 610884, MR. HENLEY AND A WHITE DRIVER CONSPIRED AND SABOTAGE MY LOAD ASSIGNMENT AFTER HENLEY CANCELLED A PREPLAN LOAD ASSIGNMENT AND ORDERED A NEW LOAD ON TRAILER # 610884 THROUGH A PHONE CALL AT 12:53, BUT WHEN I ARRIVED AT US XPRESS DUNKIN, SC TERMINAL, HENLEY CALLED ME AGAIN AT 15:34 HRS. AND TOLD ME A DRIVER ACCIDENTALLY PICKED UP THE TRAILER, THINKING IT WAS EMPTY, AND ASKED ME TO PICK IT UP AT THE NEARBY TRUCK STOP CALLED FLYING J, WHERE I NOTICED THE DRIVER WAS KNEELING NEAR THE BACK END OF THE TRAILER, PARKED IN A MANNER TO HIDE WHAT HE WAS DOING AND APPEARED SURPRISED TO SEE ME, CAUSING SEVERAL 1/2 DAY BREAKDOWNS WITH NO PAY - ALL IN AN EFFORT TO HARASS ME, TO GET ME TO QUIT, AND TO RETALIATE AGAINST ME FOR FILING THE SECOND GRIEVANCE FOR DIFFERENTIAL TREATMENT. ( **SEE ATTACHMENT F, PHONE CALL HISTORY, WORK ORDER DOCUMENT AT LOVE'S IN FAIR PLAY, SOUTH CAROLINA, AND PICTURES SHOWING LOOSENED VALVE STEM.** )

MCFADDEN # 104

68 of 68

3 of 68

**8)** ON JANUARY 11TH, 2022, LOAD # 1865651, TRAILER # 610884, MR. HENLEY, A FORKLIFT DRIVER AND A WHITE FEMALE SHIPPER AT DISTRIBUTION TECHNOLOGY, LOCATED AT 1701 CONTINENTAL BLVD., CHARLOTTE, NC CONSPIRED WHEN HAVING A YOUNGER WHITE MALE FORK-LIFT DRIVER ILLEGALLY OVERLOAD THE TRAILER, CAUSING A 1/2 DAY DELAY WHEN TAKING THE TRAILER BACK TO HAVE IT RELOADED, DEPRIVING ME OF PAY IN AN EFFORT TO HARASS ME, TO GET ME TO QUIT, AND TO RETALIATE FOR FILING A SECOND GRIEVANCE FOR DIFFERENTIAL TREATMENT. **( SEE ATTACHMENT G, SCALE TICKETS AND TRUCK MESSAGE  IN DEFENDANTS' POSSESSION. )**

**9)** THAT ON JANUARY 13TH, 2022, LOAD # 1865651, TRAILER # 610844, MR. HENLEY AND / OR EDDIE GRIDER SENT ME A MESSAGE ON THE TRUCK COMPUTER MINUTES BEFORE ARRIVING AT DAYTON, TEXAS, AND INSTRUCTED ME TO TOUCH FRAIGHT AND TO DELIVER THE LOAD TO HOUSTON, TEXAS WHERE THERE WAS A WAREHOUSE WITH NO DOCK FOR UNLOADING AND ONLY TWO  WORKERS TO HELP UNLOAD THE TRAILER BY PLACING FRAIGHT ON THE GROUND, CAUSING A 1/2 DAY DELAY WITHOUT PAY - ALL DONE IN AN EFFORT TO HARASS ME, TO GET ME TO QUIT, AND TO RETALIATE AGAINST ME FOR FILING THE SECOND GRIEVANCE. **( SEE TRUCK MESSAGES ON JANUARY 13TH, 2022, IN THE DEFENDANTS' POSSESSION. )**

**10)** ON FEBRUARY 1ST, 2022, AROUND 14:00 HRS. AT MASTERBRAND CABINETS LOCATED AT 6403 NEW CUT RD., FAIRDALE, KENTUCKY, MR. HENLEY - IN THEIR CONTINUED EFFORT TO GET ME TO QUIT PURSUANT TO A CONSPIRACY VIA OF HARASSING, SELECTIVELY ENFORCING THEIR DICIPLINARY POLICY, AND RETALIATING AGAINST ME - **ASSIGNED ME A LOADED TRAILER # 830622 THAT WAS INVOLVED IN AN ACCIDENT AND WAS RECENTLY DROPPED BY A WHITE DRIVER (CONFIRMED BY THE YARD JOCKEY )**, BUT WHEN I REPORTED THE INCIDENT ON THE TRUCK COMPUTER TO HENLEY AND AFTER MAKING (3) PHONE CALLS, FINALLY I SPOKE WITH MR. HENLEY, WHO WAS DISMISSIVE OF MY CONCERNS AND DID NOT INDICATE WHETHER HE WOULD  SEEK DISCIPLINARY ACTIONS AGAINST THE WHITE DRIVER, AND THUS, SELECTIVELY ENFORCED SWIFT AND / OR US XPRESS DISCIPLINARY POLICY. ( **SEE ATTACHMENT H, PHOTOS OF TRAILER # 830622, SHOWING THE DAMAGED LANDING GEAR, FLAT TIRE, AND THE PHONE CALL HISTORY. )**

**11)** ON FEBRUARY 4TH, 2022, IN MR. HENLEY'S CONTINUED EFFORT TO HARASS ME VIA SABOTAGING LOAD ASSIGNMENTS TO GET ME TO QUIT, AND TO RETALIATE AGAINST ME FOR FILING THE SECOND GRIEVANCE ALLEGING DIFFERENTIAL TREATMENT, HENLEY ONCE AGAIN WITHHELD LOAD INFORMATION TO PREVENT PARKING DURING ICEY / WINTERY CONDITIONS WHILE MR. CUMMINGS SENT MESSAGES OF WINTER-WEATHER WARNINGS

TO INSTILL FEAR IN ME IN PENNSAUKEN, NEW JERSEY, AN AREA WITH LITTLE OR NO TRUCK STOPS OR REST AREAS FOR PARKING TRACTOR-TRAILERS. I SENT SEVERAL TRUCK MESSAGES INFORMING HENLEY THAT THE PICKUP # 2205509 WAS REJECTED AND THAT I HAD LITTLE TIME TO DRIVE IN NEW JERSEY, AN AREA WITH LITTLE TRUCK PARKING, BUT HENLEY DIDN'T RESPOND WITH ANY CORRECT INFORMATION AND DELAYED THE LOAD FOR 1.5 HRS, AND ONLY WHEN I DROVE AWAY FROM THE FACILITY TO FIND PARKING IS WHEN HENLEY RESPONDED AT 14:29 WITH ANOTHER LOAD TO BE PICKED UP BY 1600 HRS. AT TIOGA MARINE TERMINAL, LOCATED AT 3601 N. DELAWARE AVE., PHILADEPHIA, PENNSYLVANIA 19134, FOR WHICH HENLEY KNEW OR SHOULD HAVE KNOWN COULD NOT BE DONE DUE TO RESTRICTED SPEED LIMITS BECAUSE OF ICEY ROAD CONDITIONS, CAUSING NO PAY FOR 1/2 DAY.

**12)** ON FEBRUARY 6TH, 2022, IN MR. EDDIE GRIDER AND MR. M. WEISS2'S EFFORT TO HARASS ME, TO GET ME TO QUIT, TO RETALIATE FOR FILING A SECOND GRIEVANCE, AND TO GET A PREFERRED WHITE DRIVER, MR. WEISS2 SENT ME A MESSAGE AT 13:47 HRS., ORDERING ME TO DELIVER A LOAD ON FEBRUARY 7TH, 2022, WHICH WAS ALSO MY DAY OFF; AND WHEN I INFORMED MR. WEISS2 I HAD A HURT SHOULDER AND NECK AND NEEDED TO SEE A DOCTOR, MR. GRIDER INTERVENED AND ORDERED ME TO GET SOMETHING FROM THE DOCTOR ASAP - MEANING " NOW!!! ", REQUIRING AN EMERGENCY ROOM VISIT THAT COST MORE THAN $1,000.00 IN MEDICAL BILLS. **( SEE ATTACHMENT I, SCREENSHOTS OF MESSAGES ON FEBRUARY 6TH, 2022, AT 13:40, 13:43, 13:47, 13:52, 14:13, 14:23, 14:26, AND14:27 HRS. )**

**13)** ON FEBRUARY 7TH, MR. HENLEY - IN THEIR PREFERENCE TO ASSIGN A WHITE DRIVER IN MY PLACE ( WITHOUT SAYING I WAS FIRED ) - CALLED ME AT 12:31 AND TOLD ME I COULD NOT DRIVE THE TRUCK WHILE ON MEDICATIONS, THAT HE NEEDED ME TO CLEAN THE TRUCK OUT FOR ANOTHER DRIVER TO TAKE IT FOR THE REPAIRS, BUT ULTIMATELY ASSIGNED THE PREFERRED DRIVER WHO IS LATER IDENTIFIED AS A WHITE MALE NAMED BRYAN CROWDER, LEARNED DURING A PHONE CALL TO ME FROM AN 843-945-0447 PHONE NUMBER AND LEAVING A VOICE MESSAGE ON FEBRUARY 08TH, 2022, AT 21:46 HRS. **( SEE ATTACHMENT J,  CALL HISTORY AND PHOTO FROM HOME VIDEO WITH VOICE MESSAGE UPON REQUEST. )**

**14)** ON FEBRUARY 18TH, 2022, MR. SARDONE RETALIATED AGAINST ME AFTER I PURSUED A WORKER'S COMPENSATION CLAIM WHERE I WAS STILL HIRED WHEN MY MANAGER DWIGHT HENLEY DIRECTED ME TO TAKE AN EMPTY TRAILER WITH ME FROM ASHLEY FURNITURE IN ADVANCE, NORTH CAROLINA ON SATURDAY, FEBRUARY 5TH, 2022, AT 08:50, AND WHERE MR. WEISS2 AND MR. GRIDER ASSIGNED ME LOAD # 1855797 ON SUNDAY FEBRUARY 6TH, 2022, AT 13:43 HRS. AT WHICH TIME ALL THREE OF THESE INDIVIDUALS WERE AWARE OF THE ACCIDENT, BUT ONLY WHEN I PURSUED THE WORKER'S COMPENSATION CLAIM I WAS TERMINATED AND FALSELY

ACCUSED OF THE ACCIDENT AS DISCUSSED BELOW. ( **SEE ATTACHMENT K, SCREENSHOTS SHOWING HENLEY INSTRUCTING ME NOT TO BOBTAIL, TO TAKE A TRAILER ON SATURDAY THE 5TH, 2022; AND GRIDER AND WEISS2 ORDERING A LOAD ON SUNDAY THE 6TH, 2022, AS WELL AS A DOCTOR'S PASS - ASAP. )**

**15)** ON FEBRUARY 18TH, 2022, MR. SARDONE - IN HIS FINAL EFFORT TO DAMAGE MY CAREER AS A TRUCK DRIVER WITH US XPRESS / SWIFT ENTERPRISES FOR A HIT AND RUN THAT WAS NOT MY FAULT, TO RETALIATE FOR FILING A SECOND GRIEVANCE AND TO SECURE MY REPLACEMENT WITH THE WHITE DRIVER BRYAN CROWDER - USED PRETEXT FOR HIS THREE (3) REASONS FOR TERMINATION, TO WIT: 1) RUNNING A RED LIGHT, 2) MAKING AN ILLEGAL U-TURN, AND 3) FAILURE TO YIELD TO THE HIT AND RUN DRIVER WHEN TERMINATING ME ON FEBRUARY 7TH, 2022, THAT WHICH ARE ALL WITHOUT EVIDENTIARY SUPPORT WHERE: **1)** THE TRUCK VIDEO SHOWS A DEFECTIVE YELLOW LIGHT LASTING (3) SECONDS IN A 45 MPH SPEED ZONE, SHOWS NO WHITE STOP BAR AT THE INTERSECTION FOR SARDONE TO DETERMINE WHETHER I RAN A RED LIGHT, AND THE 1ST LEFT TURN WAS COMPLETELY MADE WITHOUT A COLLISION; **2)** WHERE THE VIDEO SHOWS I MADE TWO LEFT TURNS - AND NOT A U-TURN - WHEN I GOT OFF HWY 202 NORTH, MAKING THE 1ST LEFT TURN ON WEST MAIN STREET IN NORRISTOWN, PENNSYLVANIA; AND **3)** WHERE THE VIDEO SHOWS THE HIT AND RUN DRIVER DID NOT - LIKE THE OTHER CARS WAITING ON MY RIGHT SIDE AT THE STOPLIGHT - WAIT UNTIL I CLEAR THE INTERSECTION AND RECKLESSLY TRIED TO BEAT ME TO THE RIGHT LANE IN THE FEW SECONDS IT TOOK ME TO WATCH THE LEFT SIDE OF MY TRAILER. ( **SEE TRUCK VIDEO, PENNSYLVANIA STATUTE ANNEX TITLE 75, SECTION 1028 (b)(2); US VS SANCHEZ, 447 F. SUPP. 3RD. 1280, 1286 (MD. FLA. 2020) ( EVIDENCE SUPPRESS WHERE IT WAS UNREASONABLE TO BELIEVE FAILURE TO STOP AT A STOP BAR WHERE THERE WAS NO STOP BAR OR ANYTHING IN THE INTERSECTION TO SUGGEST ONE WOULD BE THERE ); AND LEWIS VS. QUINN, 376 PA. 109, 113 (S.CT. 1954) ( THE SIGNAL TO CROSS IS NOT A COMMAND TO GO, ... A PRUDENT MAN IS REQUIRED FIRST TO LOOK TO THE RIGHT AND LEFT BEFORE ENTERING UPON THE INTERSECTION STREET ).**

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT**
**THIS 8th DAY OF** June **, 2022.**

S/ [signature]

66 of 68

MCFADDEN # 107

6 of 62

**BERNARD MCFADDEN**

MCFADDEN # 108
61 of 68

7 of 68

# CERTIFICATE OF MAILING
## MCFADDEN VS. SWIFT ENTERPRISES, LLC, ET AL., CASE # 1:23-CV-00058

THE UNDERSIGNED HEREBY CERTIFIES THAT A TRUE COPY OF THE ATTACHED MATTER HAS BEEN MAILED TO THE PERSON(S) LISTED BELOW BY DEPOSITING A PROPERLY - ADDRESSED – STAMPED - ENVELOPE IN THE UNITED STATES MAIL THIS **11TH** DAY OF **MARCH** 2024; SUCH MATTER BEING: **PLAINTIFF'S AFFIDAVIT AND MOTION FOR LEAVE TO AMEND ADDING SWIFT ENTERPRISES, LLC, REMOVING GREGORY A. SWIFT ; AND TO AMEND PLEADINGS, ATTACHING SAID AMENDED COMPLAINT, PLUS A SELF-ADDRESSED-STAMPED ENVELOPE WITH THE FIRST PAGE OF SAID MOTION AND SAID AMENDED COMPLAINT FOR THE RETURN OF A STAMPED-FILED COPY:**

1) CLERK, US DISTRICT COURT
   900 GEORGIA AVE, ROOM 309
   CHATTANOOGA, TENNESSEE 37402; AND

2) MARY DOHNER SMITH, ATTORNEY
   750 OLD HICKORY BLVD, SUITE 260-2
   BRENTWOOD, TENNESSEE    37027

cc via email:
katharine_gardner@tned.uscourts.gov
mdohner@constangy.com
djbmc17@yahoo.com
jfreeland@constangy.com
miller2009@att.net
leeethel8@gmail.com
lattie69@hotmail.com
ibernell@contangy.com

SWORN AND SUBSCRIBED BEFORE ME
THIS 11th DAY OF _March_ 2024
_Mahogany Skillings_
NOTARY PUBLIC FOR SOUTH CAROLINA
MY COMMISSION EXPIRES: _9/17/203_

S/ _____
BERNARD MCFADDEN
2016 DRIFTWOOD DRIVE
COLUMBIA, S.C.  29210
PLAINTIFF, PRO-SE
PHONE # 803-201-9477
EMAIL: BERNARDMC17@YAHOO.COM

MAHOGANY SKILLINGS
Notary Public, State of South Carolina
My Commission Expires 9/17/2031